Douglas Kruschen
P.O. Box 465
MSC: 53818
Agoura Hills, CA 91376
7788512315
*(Plaintiff Pro Se)*



FILED
CLERK, U.S. DISTRICT COURT
04/02/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>*Plaintiff*<br><br>v.<br><br>VICTOR RENE MARTINEZ, an individual; NORBERTO MARTINEZ, an individual; STEVEN RICHARD GITTLEMAN, an individual; KERRIE DOLAN, an individual; ANNANDALE TOWNHOUSE ASSOCIATION, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants* | Case No.: 2:25-cv-02883-FLA-(JPRx)<br><br>**EX PARTE APPLICATION FOR ENTRY OF PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS KRUSCHEN; [PROPOSED] ORDER**<br><br>**[Filed Concurrently with Complaint]** |

## NOTICE OF EX PARTE APPLICATION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff DOUGLAS KRUSCHEN, appearing pro se, hereby applies ex parte for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to safeguard against the dissemination of confidential legal and medical information and prevent retaliatory acts by Defendants.

This application is made on the grounds that:

1. Plaintiff has a documented history of retaliation by the same Defendants;

2. Plaintiff is at immediate risk of renewed retaliation upon service of the Verified Complaint;

3. Absent immediate protective relief, Defendants may again weaponize confidential materials to cause irreparable harm.

Plaintiff does not request a hearing unless the Court deems one necessary. This application is respectfully submitted for ruling on the papers pursuant to Local Rule 7-19.

Dated: April 1, 2025

RESPECTFULLY SUBMITTED,

*[signature]*

By: Douglas Kruschen

*(Plaintiff Pro Se)*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks immediate entry of a protective order to prevent further retaliation and abuse by Defendants. Ex parte relief is necessary to prevent irreparable harm at the outset of litigation including harassment and unauthorized disclosure of sensitive personal and legal information. This request is further supported by Plaintiff's verified complaint, accompanying exhibits, and a clear history of Defendants' misconduct, including dissemination of Plaintiff's California Civil Rights Department ("CRD") filings, public ridicule of his disability, and verbal attacks in shared residential areas.

## II. LEGAL STANDARD

Under C.D. Cal. L.R. 7-19 and *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), ex parte relief is appropriate where:

- There is imminent irreparable harm; and
- The moving party is not at fault for the urgency.

Under Federal Rule of Civil Procedure 26(c)(1), a party may seek a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Courts have wide discretion to issue protective orders, especially in cases involving civil rights, privacy, or retaliatory risk. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

In evaluating motions for protective orders, courts may consider not only traditional discovery burdens, but also the risk of harassment, retaliation, or emotional harm. See *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1045–46 (9th Cir. 2010) (affirming protective order in civil rights case where plaintiff faced realistic threats of retaliation and harassment, and holding that protective orders under Rule 26(c) are appropriate to prevent "annoyance, embarrassment, oppression, or undue burden").

A showing of "good cause" is satisfied where, as here, a party has previously been subjected to disclosure of private materials in a retaliatory and harmful manner.

## III. FACTUAL BASIS

Plaintiff's verified complaint and attached exhibits document a pattern of misconduct:

- On March 14, 2023, Defendant GITTLEMAN solicited defamatory reviews of Plaintiff to pressure him out of the HOA. (see Verified Complaint ¶ 16)

EX PARTE APPLICATION FOR ENTRY OF PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS KRUSCHEN; [PROPOSED] ORDER

- On April 18, 2023, Plaintiff was publicly called "a disabled prick" by Defendant V. MARTINEZ, prompting a CRD complaint.
- On September 29, 2023, Defendant GITTLEMAN disseminated Plaintiff's confidential CRD Notice to neighbors, vendors, and third parties. (see Verified Complaint ¶ 20)
- In October 2023, Defendants mocked Plaintiff's CRD complaint and disability status publicly, in shared residential areas. (see Verified Complaint ¶ 21)
- In June and December 2024, Defendant V. MARTINEZ engaged in verbal and gestural hostility toward Plaintiff in shared spaces, escalating the harm. (see Verified Complaint ¶¶ 24, 25)

These incidents involved prior misuse of legal filings and deliberate ridicule of protected civil rights activity. They support a reasonable concern that discovery or court filings could again be weaponized against Plaintiff unless protective measures are ordered.

Plaintiff reasonably fears these acts will recur immediately upon service of new filings.

Like the plaintiff in Doe, Plaintiff here alleges a history of retaliation—including dissemination of confidential complaint materials, public ridicule, and threats—and faces an ongoing risk of intimidation and further abuse if disability-related records or filings are publicly disseminated.

Accordingly, the requested relief is narrowly tailored and consistent with the protective authority recognized in Doe and Phillips, and is necessary to prevent further irreparable harm.

**IV. REQUESTED RELIEF**

Plaintiff requests that the Court immediately enter the proposed Protective Order attached hereto.

These requests are narrowly tailored and supported by the documented pattern of prior misconduct.

## **DECLARATION OF DOUGLAS KRUSCHEN IN SUPPORT**

I, Douglas Kruschen, declare:

1. I am the Plaintiff in the above-captioned case.
2. I am a qualified individual with a disability.
3. On April 18, 2023, I was verbally assaulted by Defendant VICTOR MARTINEZ in a shared residential area. He used discriminatory language to demean my disability status.
4. After this incident, I filed a complaint with the California Civil Rights Department (CRD).
5. On September 29, 2023, Defendant GITTLEMAN disseminated the confidential CRD Notice to residents, non-HOA residents, and vendors.
6. He had previously solicited online attacks against me in a March 14, 2023 email.
7. On October 3 and 16, 2023, Defendants again publicly mocked my CRD complaint and referred to it as a "fake ADA lawsuit."
8. On June 14, 2024, Defendant MARTINEZ shouted a politically charged slur involving my disability.
9. On December 7, 2024, MARTINEZ used an obscene gesture in my direction, captured on video.
10. Based on these prior incidents, I have serious concerns that Defendants will continue to misuse court documents or discovery materials to retaliate or escalate harassment.
11. I respectfully request that the Court issue a protective order to prevent further retaliation and protect my privacy during the litigation.
12. I believe retaliation will resume immediately when Defendants are served with the Verified Complaint and its exhibits.
13. I submit this application to protect my civil rights and dignity.
14. I respectfully submit this application for ruling on the papers and do not request a hearing unless the Court deems one necessary.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 1, 2025, at Oak Park, California.

RESPECTFULLY SUBMITTED,

*/s/ Douglas Kruschen*

By: Douglas Kruschen

*(Plaintiff Pro Se)*

**CERTIFICATE OF NOTICE PURSUANT TO L.R. 7-19.1**

Because this case is initiated by this filing and Defendants have not yet appeared, notice of this Ex Parte Application could not be provided. Plaintiff will serve this Application and all related documents concurrently with the Verified Complaint and Summons, in accordance with Fed. R. Civ. P. 4 and 5.

RESPECTFULLY SUBMITTED,

By: Douglas Kruschen
*(Plaintiff Pro Se)*

## MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As detailed above in the Ex Parte Memorandum, Plaintiff seeks immediate entry of a protective order to prevent further retaliation and abuse by Defendants. Ex parte relief is necessary to prevent irreparable harm at the outset of litigation including harassment and unauthorized disclosure of sensitive personal and legal information. This request is further supported by Plaintiff's verified complaint, accompanying exhibits, and a clear history of Defendants' misconduct, including dissemination of Plaintiff's California Civil Rights Department ("CRD") filings, public ridicule of his disability, and verbal attacks in shared residential areas.

### II. LEGAL STANDARD

Under C.D. Cal. L.R. 7-19 and *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), ex parte relief is appropriate where:

- There is imminent irreparable harm; and
- The moving party is not at fault for the urgency.

Under Federal Rule of Civil Procedure 26(c)(1), a party may seek a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Courts have wide discretion to issue protective orders, especially in cases involving civil rights, privacy, or retaliatory risk. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

In evaluating motions for protective orders, courts may consider not only traditional discovery burdens, but also the risk of harassment, retaliation, or emotional harm. See Doe v. Kamehameha Schools, 596 F.3d 1036, 1045–46 (9th Cir. 2010) (affirming protective order in civil rights case where plaintiff faced realistic threats of retaliation and harassment, and holding that protective orders under Rule 26(c) are appropriate to prevent "annoyance, embarrassment, oppression, or undue burden").

A showing of "good cause" is satisfied where, as here, a party has previously been subjected to disclosure of private materials in a retaliatory and harmful manner.

### III. FACTUAL BASIS

Plaintiff's verified complaint and attached exhibits document a pattern of misconduct:

- On March 14, 2023, Defendant GITTLEMAN solicited defamatory reviews of Plaintiff to pressure him out of the HOA.
- On April 18, 2023, Plaintiff was publicly called "a disabled prick" by Defendant V. MARTINEZ, prompting a CRD complaint.
- On September 29, 2023, Defendant GITTLEMAN disseminated Plaintiff's confidential CRD Notice to neighbors, vendors, and third parties.
- In October 2023, Defendants mocked Plaintiff's CRD complaint and disability status publicly, in shared residential areas.
- In June and December 2024, Defendant V. MARTINEZ engaged in verbal and gestural hostility toward Plaintiff in shared spaces, escalating the harm.

These incidents involved prior misuse of legal filings and deliberate ridicule of protected civil rights activity. They support a reasonable concern that discovery or court filings could again be weaponized against Plaintiff unless protective measures are ordered.

Plaintiff reasonably fears these acts will recur immediately upon service of new filings.

Like the plaintiff in Doe, Plaintiff here alleges a history of retaliation—including dissemination of confidential complaint materials, public ridicule, and threats—and faces an ongoing risk of intimidation and further abuse if disability-related records or filings are publicly disseminated.

Accordingly, the requested relief is narrowly tailored and consistent with the protective authority recognized in Doe and Phillips, and is necessary to prevent further irreparable harm.

**IV. REQUESTED RELIEF**

Plaintiff requests that the Court immediately enter the proposed Protective Order attached hereto.

These requests are narrowly tailored and supported by the documented pattern of prior misconduct.

# [PROPOSED] PROTECTIVE ORDER

Upon review of Plaintiff's Ex Parte Application and Motion, the Court finds good cause under Rule 26(c) and ORDERS:

1. All documents disclosing Plaintiff's disability status, CRD complaint, or medical history are designated Confidential;
2. Defendants shall not disseminate, publish, or share any such documents outside of this litigation;
3. Defendants are prohibited from contacting or involving unrelated third parties (residents, vendors, etc.) regarding this case;

This Order may be modified or enforced upon future motion.

IT IS SO ORDERED.

Dated: _____, 2025

_____
United States District Court Judge