1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DOUGLAS KRUSCHEN | Case No. 2:25–cv–02883–FLA–JPR |
| Plaintiff(s), | |
| v. | **STANDING ORDER** |
| VICTOR RENE MARTINEZ, et al. | |
| Defendant(s). | |

18

19    **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

20  **ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL**

21  **RULES.** Counsel for Plaintiff(s) shall serve this order immediately on all parties

22  and/or their attorney(s), including any new parties to the action. If this action has

23  been removed from the state court, the defendant who removed the action shall

24  serve this order on all other parties.

25  / / /

26  / / /

27  / / /

28

# CONTENTS

I.   INTRODUCTION.................................................................................  3
     A.   Service of the Complaint..........................................................  3
     B.   Removed Actions.....................................................................  3
     C.   Assignment to a United States Magistrate Judge...................  4
     D.   Calendar Conflicts...................................................................  4

II.  DISCOVERY......................................................................................  4
     A.   Discovery Matters Referred to United States Magistrate Judge...........  4
     B.   Compliance with Fed. R. Civ. P. 26(a)...................................  5

III. MOTIONS – GENERAL REQUIREMENTS......................................  5
     A.   Time for Filing and Hearing Motions.....................................  5
     B.   Pre-Filing Requirement to Meet and Confer...........................  6
     C.   Length and Format of Motion Papers......................................  6
     D.   Citations to Case Law..............................................................  7
     E.   Citations to Other Sources......................................................  7
     F.   Oral Argument.........................................................................  7

IV.  SPECIFIC MOTION REQUIREMENTS............................................  7
     A.   Motions Pursuant to Fed. R. Civ. P. 12..................................  7
     B.   Motions to Amend...................................................................  8
     C.   Motions for Class Certification................................................  8
     D.   Summary Judgment Motions....................................................  8
          1.   Statements of Uncontroverted Facts and Genuine Disputes............. 10
          2.   Supporting Evidence....................................................... 12
          3.   Objections to Evidence.................................................... 13
          4.   Motions for Attorney's Fees............................................ 13

V.   ADDITIONAL REQUIREMENTS.................................................... 14
     A.   Proposed Orders..................................................................... 14
     B.   Chambers Courtesy Copies.................................................... 14
     C.   Proposed Protective Orders.................................................... 15
     D.   Filings Under Seal.................................................................. 15
     E.   Appearance at Hearings.......................................................... 16
     F.   *Ex Parte* Applications............................................................ 16
     G.   Injunctions and Restraining Orders........................................ 17
     H.   Continuances.......................................................................... 17
     I.   Communications with Chambers.............................................. 18
     J.   Order Setting Scheduling Conference..................................... 18
     K.   Settlement Conference / Alternative Dispute Resolution ("ADR")...... 18

## I.   INTRODUCTION

This action has been assigned to the calendar of United States District Judge Fernando L. Aenlle-Rocha. Both the court and counsel bear responsibility for the progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, all parties or their counsel, including *pro se* litigants,[1] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this court's standing orders, online procedures, and schedules.

Unless the court orders otherwise, the following rules shall apply.

### A.   Service of the Complaint

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action.

### B.   Removed Actions

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this court contains a state court Judicial Council form pleading (*i.e.*, a pleading in which a party selects claims or defenses by checking boxes), the party that filed the form pleading must file a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11, within thirty (30) days of receipt of the Notice of Removal.

_____

[1] Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

**C.   Assignment to a United States Magistrate Judge**

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District Court's website, which also contains the consent form.

**D.   Calendar Conflicts**

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk via chambers email address at twyla_freeman@cacd.uscourts.gov as soon as possible and not later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and [Proposed] Order.

## II.   DISCOVERY

**A.   Discovery Matters Referred to United States Magistrate Judge**

All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the district judge's initials next to the action number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing and must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final, and this court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this court. *See* Local Rule 72-2. The moving party must file

1  and serve the motion within fourteen (14) days of service of a written ruling or

2  within fourteen (14) days of an oral ruling the Magistrate Judge states will not be

3  followed by a written ruling. The motion must specify which portions of the ruling

4  are clearly erroneous or contrary to law and support the contention with points and

5  authorities. Counsel shall deliver a conformed copy of the moving papers and

6  responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

7  **B.    Compliance with Fed. R. Civ. P. 26(a)**

8  Unless there is a likelihood that, upon motion by a party, the court would

9  order that discovery be stayed, the parties should begin to propound discovery

10  before the Scheduling Conference. The parties must comply fully with the letter

11  and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly. At the

12  Scheduling Conference, the court will impose deadlines governing the completion

13  of discovery.

14  **III.   MOTIONS – GENERAL REQUIREMENTS**

15  **A.    Time for Filing and Hearing Motions**

16  Motions shall be filed in accordance with Local Rules 6 and 7. The court

17  hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary

18  to clear a hearing date with the Courtroom Deputy Clerk before filing a motion,

19  except for motions for summary judgment, temporary restraining orders, or

20  preliminary injunctions. The parties must adhere to the briefing schedule set forth

21  in Local Rules 7-9 and 7-10, and the schedule herein for Fed. R. Civ. P. 56 motions,

22  to afford the court adequate time to prepare for the hearing. If the motion hearing

23  date selected is not available, the court will issue an order continuing the hearing.

24  Professional courtesy dictates, and the court fully expects, the parties will

25  accommodate each other's schedules, including vacations and holidays, whenever

26  possible. The parties should not calendar a matter on a Friday that is a court

27  holiday. If this occurs, the court will re-calendar the matter for another Friday.

28  / / /

### B.    Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly ... the substance of the contemplated motion and any potential resolution." Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel shall resolve minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. The Notice of Motion must include a statement of compliance with Local Rule 7-3. The court may strike or deny a motion if counsel fail to meet and confer in good faith.

### C.    Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed 7,000 words. *See* Local Rule 11-6.1. A handwritten brief or a brief prepared using a typewriter may not exceed 25 pages, excluding the caption (if on a separate cover page), the table of contents, the table of authorities, the signature block, and any indices and exhibits. All submitted briefs must be accompanied by a Certificate of Compliance as set forth in Local Rule 11-6.2. Replies shall not exceed 4,200 words or fifteen (15) pages for handwritten briefs and briefs prepared using a typewriter. Only in rare instances and for good cause shown will the court grant an application to extend these word or page limitations. No supplemental brief shall be filed without prior leave of court.

Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than fourteen (14) point, and Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf so that when a document is e-filed, it is in the proper size, is

searchable, and the text can be selected and copied. *See* Local Rule 5-4.3.1.

### D.    Citations to Case Law

Bluebook style is required. Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided.

### E.    Citations to Other Sources

Bluebook style is required. Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced.

### F.    Oral Argument

If the court deems a matter appropriate for decision without oral argument, the court will take the matter under submission and notify the parties before the hearing.

The parties' lead counsel are encouraged to permit junior or less experienced litigators to participate in court proceedings, including to argue motions and to examine witnesses at trial. The court is more likely to hear oral argument if a party notes in its moving or opposing papers, in bold and underlined font, that a litigator who graduated from law school within the last five (5) years, or otherwise has had minimal oral advocacy experience, will conduct the argument.

## IV.  SPECIFIC MOTION REQUIREMENTS

### A.    Motions Pursuant to Fed. R. Civ. P. 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See*

*Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, leave to amend shall be "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Ninth Circuit requires the policy favoring amendment to be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Thus, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. In most instances, the parties should agree to any amendment that would cure the defect.

### B.    Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall include "clean" and "redlined" versions of the proposed amended pleading, identifying all additions and deletions of material, as attachments to the moving papers.

### C.    Motions for Class Certification

Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation during the Scheduling Conference or in a Scheduling Order. No request for relief from Local Rule 23-3 is necessary.

### D.    Summary Judgment Motions

No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated a motion for summary judgment

or summary adjudication, without leave of court. The parties shall not attempt to evade the word or page limitations for briefs by filing multiple motions. If a party believes good cause exists for more than one summary judgment motion or to increase word or page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good cause. Failure to do so will result in the striking of the motion(s). Pursuant to Fed. R. Civ. P. 56(f), when appropriate, based on undisputed facts and controlling principles of law, the court may *sua sponte* enter summary judgment in favor of the non-moving party.

Also, the court will not entertain cross-motions that seek to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment. In actions involving multiple sets of parties represented by separate counsel (such as a case involving two sets of defendants which are each represented by their own counsel), the parties shall meet and confer regarding the briefing schedule for the one motion for summary judgment. Any requests for additional motions, pages, or words based on the existence of multiple sets of parties must be supported by a showing of good cause. All non-compliant motions will be stricken absent leave of court.

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The hearing on any such motion shall be set for a date in advance of the Final Pretrial Conference. This court requires an extended briefing schedule for motions under Rule 56, as follows:

- Any Rule 56 Motion must be filed at least thirty-five (35) days before the noticed hearing date.
- Any Opposition must be filed at least twenty-one (21) days before the noticed hearing date (fourteen (14) days after the Motion is filed).
- Any Reply must be filed at least fourteen (14) days before the noticed hearing date (seven (7) days after the opposition is filed).

This briefing schedule is the default. The parties may stipulate to a modified

schedule that is reasonable for all parties and provides the court at least two weeks

between the reply deadline and the hearing date.

The parties should prepare papers in a fashion that will assist the court in

processing and analyzing the facts, including through the use of tables of contents,

headings, indices, bookmarks in electronic documents, and pinpoint citations. The

parties shall comply with Local Rules 56-1 through 56-2, considering the court's

additional requirements described below.

### 1. Statements of Uncontroverted Facts and Genuine Disputes

The Separate Statement of Uncontroverted Facts required under Local Rule

56-1 shall be prepared in a two-column table, as shown below. The left-hand

column sets forth the allegedly undisputed fact. The right-hand column sets forth

the evidence that supports the factual statement. The factual statements should be

set forth in sequentially numbered paragraphs. Each paragraph should contain a

narrowly focused statement of fact. Each numbered paragraph should address a

single subject as concisely as possible. *See* Local Rule 56-2.

**Plaintiff's Claim for _____ is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The opposing party's Statement of Genuine Disputes of Material Fact must

be in two columns and track the movant's separate statement exactly as prepared.

The left-hand column must restate the allegedly undisputed fact and the right-hand

column must state either that it is undisputed or disputed. *See* Local Rule 56-3.

The opposing party may dispute all or only a portion of the statement, but if

disputing only a portion, it must clearly indicate what part is being disputed,

followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact. <u>No legal argument should be set forth in this document</u>. Disputes based on evidentiary objections should cite the relevant objection from the separate statement of evidentiary objections.

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) at 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of Genuine Disputes of Material Fact and Additional Material Facts. *See* Local Rule 56-4. For each fact, the Response shall restate the allegedly undisputed fact and state whether the fact is disputed or undisputed by the opposing party. If the fact is undisputed, no further response is required.

If the fact is disputed, the Response shall restate the opposing party's evidence and reason for disputing the asserted fact. The moving party may provide a response to the opposing party's reason for dispute, including any reason why the

evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact. This response may either be presented in three columns, with the response appearing in the right-hand column, or in two columns, with a response provided below each fact. *See* Local Rule 56-3.

The Response may also include any response to additional material facts asserted by the non-moving party, and this response shall follow the format described above for the Statement of Genuine Disputes of Material Fact. The response to these additional facts shall continue in sequentially numbered paragraphs, and shall not restart the numbering.

All facts asserted by either party, whether disputed or undisputed, and all supporting evidence cited, shall be included in the Response. Do not repeat descriptions of and citations to the evidence. If you have already described and cited the evidence once, simply refer to the earlier citation succinctly (*e.g.,* "*See supra*, Fact # 1").

### 2. Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in opposition to a motion for summary judgment. Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

/ / /

### 3. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two-column format. The left column should identify the <u>evidence objected to</u> (*i.e.*, the evidentiary objections must be directed to evidence, not purported facts), including page and line number if applicable, and the right column should set forth a concise objection (*e.g.*, hearsay, lack of foundation, *etc.*) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and emailed in Word format directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov.

The court treats motions to admit or exclude evidence, including expert testimony and/or reports, as motions *in limine* subject to the requirements set forth in the court's Scheduling and Trial Order. Challenges to expert testimony and/or reports should be brought as motions *in limine*. Failure to comply with the court's orders may result in the striking of a motion.

### E. Motion for Attorney's Fees

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (*i.e.*, partner, counsel, associate, *etc.*).

The first table shall include a summary of the hours worked by each attorney, organized by task (*i.e.*, discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

/ / /

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

All tables shall be attached to the motion and electronically filed. The courtesy copy of the table shall be emailed to the court's chambers email address at fla_chambers@cacd.uscourts.gov as a Microsoft Excel file with all restrictions removed so the spreadsheet can be edited.

## V.    ADDITIONAL REQUIREMENTS

### A.    Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the proposed order in Word format shall be emailed directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov on the day the document is e-filed.

The parties **must** use the template for proposed orders available on Judge Aenlle-Rocha's website. The proposed order must include the entire relief the parties seek. Failure to email a proposed order in Word format using the court's template may result in the court striking the motion, application, or stipulation without consideration of the request on its merits.

### B.    Chambers Courtesy Copies

The processing of unnecessary chambers copies wastes resources and burdens the court. Chambers copies should not be submitted unless requested. This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Rule 5-4.2.

/ / /

1    The court refers the parties to the Scheduling and Trial Order for details

2    regarding mandatory chambers copies for pretrial documents and trial exhibits.

3    **C.    Proposed Protective Orders**

4    Proposed protective orders pertaining to discovery must be submitted to the

5    assigned Magistrate Judge. Protective orders must not purport to allow any matters

6    to be filed under seal in connection with dispositive motions (including a class

7    certification motion) or trial without a court order. The existence of a protective

8    order alone does not authorize the filing of pleadings or other documents under seal

9    in whole or in part.

10    **D.    Filing Under Seal**

11    Local Rule 79-5 governs applications to file documents under seal. Local

12    Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave

13    is granted. Parties must comply with all provisions of Local Rule 79-5.

14    There is a strong presumption of access in civil actions. *Foltz v. State Farm*

15    *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or

16    other type of information a party seeks to file under seal, the party must identify

17    and discuss the factual and/or legal justification that establishes "good cause" or

18    "compelling reasons" for the information to be protected. *Kamakana v. City and*

19    *County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

20    Documents that are not confidential or privileged in their entirety should not

21    be filed under seal if the confidential portions can be redacted and filed separately

22    with a reasonable amount of effort. The parties should file a complete version of

23    the documents under seal and a redacted version for public viewing, omitting only

24    the portions that the court has authorized to be filed under seal.

25    Sealing must be justified for each individual item: blanket claims of

26    confidentiality will result in the application to seal being denied. Counsel is

27    strongly encouraged to consider carefully whether sealing or redaction is absolutely

28    required for a given piece of evidence or argument. An application to seal that

1  includes meritless requests to seal or redact documents will be denied. The parties

2  also must meet and confer before filing an application to seal.

3  **E.    Appearance at Hearings**

4  The court requires in-person attendance for all hearings and trials, unless

5  otherwise instructed by the court. The court may permit appearances by telephone

6  or video conference for status conferences upon a showing that a personal

7  appearance will cause undue hardship. If you wish to appear by telephone or video

8  conference, you must:

9      1.    email the Courtroom Deputy Clerk and copy opposing counsel at least

10          three (3) court days in advance of the scheduled appearance and

11          provide a detailed statement of undue hardship;

12     2.    use a landline to call into the bridge line provided by the Courtroom

13          Deputy Clerk or use a hardline internet connection to connect to the

14          Zoom link for the court; and

15     3.    be available and ready to call in for at least fifteen (15) minutes before

16          the time of the scheduled hearing.

17  **F.    *Ex Parte* Applications**

18  The court considers ex parte applications on the papers and does not usually

19  set these matters for hearing. The parties will be notified if the court deems a

20  hearing necessary. *Ex parte* applications are solely for extraordinary relief and

21  should be used with discretion. Sanctions may be imposed for misuse of *ex parte*

22  applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488

23  (C.D. Cal. 1995).

24  *Ex parte* applications that fail to conform to Local Rules 7-19 and 7-19.1,

25  including a statement of opposing counsel's position, will not be considered except

26  upon a specific showing of good cause. The moving party shall serve the opposing

27  party electronically, if possible. All parties registered for electronic service are sent

28  a notification of ECF filing each time a document is e-filed with a link to the

document for one free view. Accordingly, parties registered for electronic service are considered served once an *ex parte* application has been e-filed. Parties enrolled for service by facsimile or mail must be served the *ex parte* application by facsimile or personal service.

Following service of the *ex parte* application by electronic, facsimile, or personal service, the moving party shall notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service. Counsel will be notified by the clerk of the court's ruling. If counsel does not intend to oppose an *ex parte* application, counsel must inform the Courtroom Deputy Clerk at (213) 894-5686.

### G.    Injunctions and Restraining Orders

Parties seeking preliminary or emergency injunctive relief must comply with Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining Order ("TRO") are governed by Local Rule 7-19, which applies to *ex parte* applications. Thus, oppositions to an Application for a TRO must be filed within twenty-four (24) hours following service of the Application. The court will not rule on any Application for a TRO for at least twenty-four (24) hours after the party subject to the requested order has been served, unless notice is excused as per Fed. R. Civ. P. 65(b), or the interests of justice so require.

### H.    Continuances

The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the court are firm and will not readily be changed. Therefore, a request to continue or extend the date of any matter before this court <u>must</u> be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, requests continuing dates will not be approved. Counsel requesting a continuance or extension of time must file electronically a request or, if the parties are in agreement, a stipulation which

includes a <u>detailed</u> declaration of the grounds for the requested continuance or extension of time. A proposed order in Word format must be emailed directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov on the day the document is e-filed. The proposed order must include the entire relief the parties seek.

Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Requests extending scheduling dates do not become effective unless and until this court so orders. <u>Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date.</u> A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence.

### I.    Communications with Chambers

Counsel <u>must not</u> attempt to contact the court or chambers staff by email, telephone, or *ex parte* means. For appropriate matters only, counsel may contact the Courtroom Deputy Clerk via chambers email address at twyla_freeman@cacd.uscourts.gov, or by telephone at (213) 894-5686. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the court. Counsel must include on all papers his or her email address, telephone number, and facsimile number to facilitate communication with the Courtroom Deputy Clerk.

### J.    Order Setting Scheduling Conference

Pursuant to Fed. R. Civ. P. 16(b), the court will issue an order setting a scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

### K.    Settlement Conference / Alternative Dispute Resolution ("ADR")

As stated in Local Rule 16-15, the parties in every action must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

1    The court will not hold a final pretrial conference or convene a trial unless and until

2    all parties, including the principals of all corporate parties, have completed ADR.

3          This court participates in the court'directed ADR Program whereby the court

4    refers the parties to the Magistrate Judge, the court Mediation Panel, or private

5    mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

6    ADR Program (ADR-08) has been filed in this action, counsel must furnish and

7    discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference.

8    Counsel should state their preferred ADR procedure in their Joint Rule 26(f)

9    Report. The court will refer the action to a procedure at the initial scheduling

10   conference or in a Scheduling and Trial Order. More information about the court's

11   ADR Program, the Mediation Panel, and mediator profiles is available on the

12   court's website at https://www.cacd.uscourts.gov/attorneys/adr.

13

14         IT IS SO ORDERED.

15

16   Dated:  April 9, 2025

17                                          _____
                                            FERNANDO L. AENLLE-ROCHA
                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28