UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KRUSCHEN,<br><br>            Plaintiff,<br><br>       v.<br><br>VICTOR RENE MARTINEZ, *et al.*,<br><br>            Defendants. | Case No. 2:25-cv-02883-FLA (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF PROTECTIVE ORDER [DKT. 2]** |

      On April 2, 2025, Plaintiff Douglas Kruschen ("Plaintiff") filed an *ex parte* application ("Application") seeking an order from this court to: (1) designate certain information and categories of documents as confidential; (2) prohibit Defendants Victor Rene Martinez, Norberto Martinez, Steven Richard Gittleman, Kerrie Dolan, and Annandale Townhouse Association, Inc. (collectively, "Defendants") from disseminating the same documents; and (3) prohibiting the Defendants from contacting "unrelated third parties" regarding the case. Dkt. 2.

      *Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). They do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain *ex*

*parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.  Further, before filing an *ex parte* application, a party must "(a) … make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) … advise the [c]ourt in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."  Local Rule 7-19.1.[1]

      Plaintiff admits he did not provide notice of the Application or contact Defendants regarding its substance prior to filing the Application.  Dkt. 2 at 7.  Accordingly, the Application is DENIED without prejudice.  Plaintiff can refile his motion after complying with Local Rule 7-19.1.

      IT IS SO ORDERED.

Dated: April 9, 2025

                                          FERNANDO L. AENLLE-ROCHA
                                          United States District Judge

---

[1] Available at https://www.cacd.uscourts.gov/sites/default/files/documents/2024%20December%20LRs%20Chap%201.pdf.