Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fisherphillips.com
Bronte Mehdian (SBN 334026)
bmehdian@fisherphillips.com
Chelsea N. Viola (SBN 358128)
E-Mail: cviola@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
ANNANDALE TOWNHOUSE ASSOCIATION, INC.;
VICTOR RENE MARTINEZ; NORBERTO MARTINEZ;
STEVEN RICHARD GITTLEMAN; and KERRIE DOLAN

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR RENE MARTINEZ, an individual; NORBERTO MARTINEZ, an individual; STEVEN RICHARD GITTLEMAN, an individual; KERRIE DOLAN, an individual; ANNANDALE TOWNHOUSE ASSOCIATION, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-02883-FLA (JPRx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> *[Filed Concurrently with the Notice of Motion; Declaration of Lonnie D. Giamela; and [Proposed] Order]* <br><br> Hearing Date:  June 13, 2025 <br> Time:   1:30 p.m. <br> Judge:  The Honorable Fernando L. Aenlle-Rocha, Courtroom 6B, 6th Floor <br><br> Complaint Filed: April 2, 2025 <br> Trial Date: Not Set |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ................................................................................... 9

II. PROCEDURAL HISTORY .................................................................. 9

III. STATEMENT OF RELEVANT FACTS ............................................ 10

IV. LEGAL STANDARD .......................................................................... 11

V. LEGAL ARGUMENT ......................................................................... 13

    A. Plaintiff's FAC Fails to State a Viable Claim Under the Fair Housing Act. 13

        1. Plaintiff's Discrimination Claim is Facially Deficient. ...................... 13

            a) Plaintiff Cannot State a Claim Against Defendant Annandale.13

            b) Plaintiff Cannot State Any Claims Against the Remaining Defendants. ..................................................................................... 13

        2. Plaintiff Fails to Articulate a Plausible Retaliation Claim. ................ 14

        3. Plaintiff's Allegations Do Not Support a Legally Cognizable Hostile Housing Environment Claim. ............................................................. 15

    B. Plaintiff's FAC Does Not Allege a Claim Under the California Fair Employment and Housing Act. ................................................................ 16

        1. Plaintiff Fails to Establish a Viable Disability Discrimination Claim. ........................................................................................................ 16

        2. Plaintiff Does Not State a Claim of Disability-Based Harassment. ... 16

        3. Plaintiff Cannot State a Claim for Retaliation. ................................... 17

        4. Plaintiff's Failure to Accommodate Claim is Irrelevant.................... 18

        5. Plaintiff's Claim for Failure to Prevent Discrimination, Retaliation, and Harassment Equally Fails.......................................................... 18

    C. Plaintiff's FAC Fails to Support a Claim for Intentional Infliction of Emotional Distress. ................................................................................. 19

    D. Plaintiff Has Not Alleged Sufficient Facts to Support a Private Nuisance Claim. ...................................................................................................... 20

    E. Plaintiff is Not Entitled to Declaratory or Injunctive Relief Based on the Allegations in His FAC. ........................................................................... 21

        1. Plaintiff Cannot Seek Declaratory Relief Based on Legally Insufficient Claims. ............................................................................. 21

        2. Plaintiff Has Not Alleged Facts Warranting Injunctive Relief.......... 21

    F. Plaintiff's Allegations Do Not Support a Claim Under the Unruh Civil Rights Act.................................................................................................. 22

G.    Plaintiff's FAC Lacks Sufficient Allegations to Support a Claim Under the
      Bane Act. ................................................................................................23

H.    Plaintiff Fails to Plausible Allege Negligence or Negligent Supervision.....24

      1.    Plaintiff Failed to State a Claim for Negligence.................................24

      2.    Plaintiff Cannot Establish a Claim for Negligent Supervision...........25

I.    Plaintiff's FAC Does Not Establish a Valid Claim for Breach of Fiduciary
      Duty. ......................................................................................................25

      1.    Plaintiff Failed to State a Claim Against Defendant V. Martinez. ......26

      2.    Plaintiff Has Not Alleged a Cognizable Claim Against Defendant
            Gittleman.......................................................................................27

      3.    Plaintiff's Claim Against Annandale is Legally Insufficient. ............27

J.    Plaintiff Fails to Allege Facts Supporting a Claim for Public Disclosure of
      Private Facts. ..........................................................................................28

      1.    Plaintiff's Claims Against Defendants Annandale and Dolan Fail. ...28

      2.    Plaintiff's Claims Against Defendant Gittleman Also Fails. .............28

VI.   CONCLUSION ........................................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Life Ins. Co. v. Haworth,*
300 U.S. 227 (1937)...................................................................................21

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................12

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)............................................................................9, 12

*Brown v. City of Tucson,*
336 F.3d 1181 (9th Cir. 2003) ...............................................................14

*Cuevas v. SkyWest Airlines,*
17 F.Supp.3d 956 (N.D. Cal. 2014)......................................................25

*eBay Inc. v. MercExchange, L.L.C.,*
547 U.S. 388 (2006)...............................................................................22

*Egan v. Schmock,*
93 F.Supp.2d 1090 (N.D. Cal. 2000)....................................................14

*Elliot v. QF Circa 37, LLC,*
Case No. 16-cv-0288-BAS-AGS (S.D. Cal. Jun. 12, 2018)................14

*Faragher v. City of Boca Raton,*
524 U.S. 775 (1998)...............................................................................15

*Fowler v. Wells Fargo Bank,*
2021 WL 633868 (C.D. Cal Feb 17, 2021) ..........................................11

*g., Daniels–Hall v. National Educ. Ass'n,*
629 F.3d 992 (9th Cir. 2010) .................................................................12

*Gamble v. City of Escondido,*
104 F.3d 300 (1997)...............................................................................16

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.,*
742 F.3d 414 (9th Cir. 2014) ...........................................................22, 23

*Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n,*
388 F.3d 327 (7th Cir. 2004) .................................................................13

4

*Hernandez v. City of San Jose*,
    241 F.Supp.3d 959 (N.D. Cal. 2017)................................................23

*Honce v. Vigil*,
    1 F.3d 1085 (10th Cir. 1993) ............................................................17

*Jeung v. Yelp, Inc.*,
    No. 15-CV-02228-RS, 2015 WL 4776424 (N.D. Cal. Aug. 13, 2015).............12

*Kendall v. Visa U.S.A.*,
    518 F.3d 1042 (9th Cir. 2008) ..........................................................12

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ..........................................................12

*Lawler v. Montblanc North America, LLC*,
    704 F.3d 1235 (9th Cir. 2013) ..........................................................16

*Lee v. Retail Store Emp. Bldg. Corp.*,
    2017 WL 565710 Case No. 15-CV-04768-LHK (N.D. Cal. 2017) ...................15

*Neilson v. Union Bank of Cal., N.A.*,
    290 F.Supp.2d 1101 (C.D. Cal. 2003) ................................................12

*Pac. Shores Props., LLC v. City of Newport Beach*,
    730 F.3d 1142 (9th Cir. 2013) ..........................................................13

*Ricci v. DeStefano*,
    557 U.S. 557 (2009)........................................................................13

*Salisbury v. Hickman*,
    974 F. Supp.2d 1282 (E.D. Cal. 2013) ...............................................15

*Scott v. Pasadena United School Dist.*,
    306 F.3d 646 (9th Cir. 2002) ............................................................21

*Tex. Dep't of Hous. & Community Affs. v. Inclusive Communities Project, Inc.*,
    675 US. 519 (2015)........................................................................13

*Walker v. City of Lakewood*,
    272 F.3d 1114 (9th Cir. 2001) ..........................................................14

*West v. City and Cnty of San Francisco*,
    No. 21-CV-02370-EMC, 2022 WL 1556415 (N.D. Cal. May 17, 2022) ..........15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**State Cases**

*Akers v. Cnty of San Diego*,
    95 Cal. App.4th 1441 (2011) ...............................................................17

*Akins v. Sacramento Mun. Utility Dist.*,
    18 Cal.App.4th 208 (1002) ..................................................................20

*Allen v. City of Sacramento*,
    234 Cal.App.4th 41 (2015) ...................................................................24

*Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Comm.*,
    121 Cal.App.4th 1578 (2004)...............................................................18

*Austin B. v. Escondido Union School Distr.*,
    Cal.App.4th 860 (2007) .......................................................................24

*Ex parte Bell*,
    19 Cal. 2d 488 (1942) ..........................................................................24

*Brown v. Smith*,
    55 Cal.App.4th 767 (1997) ...................................................................17

*Caldera v. Department of Corrections & Rehabilitation*,
    25 Cal.App.5th 31 (2018) .....................................................................18

*Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC*,
    37 Cal.App.5th 97 (2019) .....................................................................24

*Coverstone v. Davies*,
    38 Cal.2d 315 (1952) ............................................................................28

*Creger v. Hudson 141 Homeowners Ass'n*,
    No. B253759, 2015 WL 501965 (Cal. Ct. App. Feb. 5, 2015) ...........25

*Garcia-Brower v. Premier Automotive Imports of CA, LLC*,
    55 Cal.App.5th 961 (2020) ...................................................................17

*Guz v. Bechtel Nat. Inc.*,
    24 Cal.4th 317 (2000) ...........................................................................16

*Harris v. Capital Growth Inv'rs XIV*,
    52 Cal. 3d 1142, 805 P.2d 873 (1991)..................................................23

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009) ...................................................................................19

*Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n*,
   21 Cal. 4th 249 (1999) ....................................................................................26

*Lee v. Interinsurance Exch.*,
   50 Cal. App. 4th 694 (1996) ..........................................................................26

*Lee v. Travelers Companies*,
   205 Cal.App.3d 691 (1988) ............................................................................20

*Liapes v. Facebook, Inc.*,
   95 Cal. App. 5th 910 (2023) ..........................................................................23

*Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*,
   5 Cal.5th 216 (2018) ......................................................................................25

*Lyle v. Warner Bros. Television Productions*,
   38 Cal.4th 264 (9th Cir. 2006) ......................................................................16

*Maples v. Kern High Sch. Dist.*,
   No. F070867, 2017 WL 431488 (Cal. Ct. App. Feb. 1, 2017) .........................28

*Noble v. Sears, Roebuck & Co.*,
   33 Cal.App.4th 654 (1973) ............................................................................25

*Oasis West Realty, LLC v. Goldman*,
   51 Cal.4th 811 (2011) ....................................................................................25

*Porten v. University of San Francisco*,
   64 Cal.App.3d 825 (1976) ..............................................................................28

*San Diego Gas & Electric Co. v. Superior Court*,
   13 Cal.4th 893 (2006) ....................................................................................20

*Shulman v. Group W. Productions, Inc.*,
   18 Cal.4th 200 (1998) ....................................................................................28

*Trujillo v. North County Transit Dist.*,
   63 Cal.App.4th 280 (1998) ............................................................................19

*Turner v. Association of American Medical Colleges*,
   85 Cal.Rptr.3d 94 (App. 1 Dist. 2008) ..........................................................22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Yanowitz v. L'Oreal USA, Inc.,*
   36 Cal.4th 1028 (2005) .......................................................................17

*Yurick v. Superior Court,*
   209 Cal.App.3d 1116 (1989) ..............................................................20

**Federal Statutes**

28 U.S.C. § 1201 ....................................................................................21

42 U.S.C. § 3617 .................................................................9, 13, 14, 15

**State Statutes**

Cal. Civ. Code § 51(b) ..............................................................10, 22, 23

Cal. Civ. Code § 52.1 .....................................................................23, 24

Cal. Code Regs. Title 2, § 12120 ...........................................................17

Cal. Code Regs. Title 2, § 12176(c).......................................................18

Cal. Code Regs. Title 2 § 14070(b)(2)....................................................17

Cal. Corp. Code § 7231.5(a) ..................................................................26

Cal. Gov. Code §§ 12900 - 12996 ..................................................*passim*

**Rules**

Fed. R. Civ. P. 8(a)(2)............................................................................12

Fed. R. Civ. P. 12(b)(6)............................................................9, 11, 12

**Other Authorities**

Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6
   cmt. b (2010).....................................................................................24

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Douglas Kruschen's ("Plaintiff") First Amended Complaint ("FAC") asserts ten causes of action against multiple defendants and a homeowners' association, grounded in conclusory allegations of harassment, discrimination, and governance issues within the Annandale Townhouse Association, Inc. ("Annandale"), a residential community. While styled as a civil right action under the Fair Housing Act ("FHA"), California's Fair Employment and Housing Act ("FEHA") and other California related statutes, the FAC fails to articulate the basic legal and factual framework necessary to support the sweeping claims alleged.

The FAC relies on vague legal theories and lacks the essential elements required to establish liability. Instead, Plaintiff recycles longstanding grievances from his litigious past and attempts to reframe personal gripes as civil rights violations without adequate factual or legal support. The allegations, even if taken as true, do not state viable claims under the FHA, FEHA, or other asserted statutes and theories. Further, many of Plaintiff's claims rest on conduct that is not actionable as a matter of law.

Because Plaintiff's factual assertions do not support the legal theories he invokes, and because the FAC fails to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, Plaintiff's FAC must be dismissed pursuant to Rule 12(b)(6).

### II.    PROCEDURAL HISTORY

On April 2, 2025, Plaintiff filed a Verified Complaint for Damages and Equitable Relief and Demand for Jury Trial ("Complaint") this Court against all defendants (Dkt. 1). The Complaint was served on Defendants Annandale and N. Martinez on April 14, 2025. Defendant Kerri Dolan was served on April 19, 2025.

Plaintiff subsequently filed a First Amended Complaint ("FAC") on April 24, 2025 asserting the following claims against all defendants: (1) Violation of the Fair Housing Act, (2) Violation of the California Fair Employment and Housing Act, (3) Intentional Infliction of Emotional Distress, (4) Private Nuisance, (5) Declaratory and Injunctive Relief, (6)

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Violation of the Unruh Civil Rights Act, and (7) Violation(s) of the Bane Act. (*Id.*) (Dkt. 20). Plaintiff also asserted the following causes of actions against specific Defendants: (8) Negligence and Negligent Supervision against Annandale; (9) Breach of Fiduciary Duty against Annandale, V. Martinez, Gittleman; and (10) Invasion of Privacy – Public Disclosure of Private Facts against Annandale, Gittleman, and Dolan.

Plaintiff's allegations stem from his alleged sour history with his homeowner's association (HOA), fellow residents and even family members of certain defendants.  In his FAC, Plaintiff argues that he has been "subjected to a sustained campaign of harassment, discrimination, and retaliation by neighboring residents and agents of his homeowners' association" and that the HOA and its agents have "failed to take meaningful corrective action." (Dkt. 20.)

## III.   STATEMENT OF RELEVANT FACTS

Plaintiff is and was at the time of the incidents outlined in his FAC, a resident of Defendant Annandale's residential housing community.  (*See* **FAC**, at ¶ 15.)  Plaintiff alleges that he suffered from a disability that was known to Defendants.  (*See* **FAC**, at ¶ 14.)   Plaintiff alleges the following incidents in support of his allegations against Defendants:

- **March 14, 2023**: Gittleman, motivated by hostility towards Plaintiff's protected class status, circulated an email to third parties soliciting defamatory reviews to force Plaintiff from the community (**FAC** at ¶ 16.)

- **April 18, 2023**: V. Martinez verbally assaulted Plaintiff in a shared HOA common area, yelling that he is a "disabled prick… and questioned Plaintiff's disability status. (**FAC** at ¶ 17.)

- **June 20, 2023**: An HOA agent publicly identified Plaintiff as disabled in response to a resident's inquiry about Plaintiff's parked vehicle with a handicapped placard. (**FAC** at ¶ 19.)

- **September 29, 2023**: Gittleman disseminated the confidential CRD Notice via email to multiple individuals, including non-HOA residents and third-party vendors, in retaliation for Plaintiff's protected activity. (**FAC** at ¶ 20.)

- **October 3, 2023**: V. Martinez made further public statements ridiculing Plaintiff's CRD complaint and disability in the presence of Plaintiff and the HOA's agents and members. (**FAC** at ¶ 21.)

- **October 16, 2023**: Gittleman again disseminated the confidential CRD Notice via email and made further public statements mocking Plaintiff's CRD complaint. Gittleman referred to the matter as "ridiculous, fake ADA lawsuit." The HOA was aware of its resident's, member's and agent's actions, but took no remedial action. (**FAC** at ¶ 22.)

- **November 2023- June 2024**: Gittleman and V. Martinez continued to use discriminatory language as residents, members, and agents of the HOA, when discussing Plaintiff with others. (**FAC** ¶ 23.)

- **June 14, 2024**: V. Martinez, a resident, member, and agent of the HOA, while appearing intoxicated, shouted at Plaintiff, "Trump is going to deal with shithead retards like you when he wins"… while pointing at a large cutout of Donald Trump. (**FAC** at ¶ 24.)

- **December 7, 2024**: V. Martinez, a resident, member, and agent of the HOA, directed an obscene American Sign Language gesture in Plaintiff's direction as captured on video. (**FAC** at ¶ 25.)

Plaintiff claims that the above conduct "interfered with [his] use and enjoyment of his home" in violation of various federal and California statutes. (**FAC** at ¶ 34.) Further, Plaintiff relies on *Fowler v. Wells Fargo Bank*, 2021 WL 633868 (C.D. Cal Feb 17, 2021) in support of his claim that Annandale's "failure to take any remedial action despite prior notice emboldened repeated misconduct and exacerbated harm." (**FAC**, at ¶ 35.)

Aside from the above recitations and vague references to various legal authority, as laid out in more detail below, Plaintiff fails to illustrate how the "facts" fit in to the legal framework for each cause of action. Furthermore, there are no specific factual allegations against Defendants that establish liability.[1] Plaintiff's facts are nothing but a laundry list of beef between himself and members of the Annandale community, which he attempts to mold into facts that would support the ten causes of action asserted in the FAC.

## IV. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the

---

[1] Defendants highlight that Plaintiff's FAC has not alleged any conduct whatsoever by Defendants Kerrie Dolan or Norberto Martinez, and therefore they cannot be held liable under any of the asserted causes of action.

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

legal sufficiency of the claims asserted in the complaint*." Neilson v. Union Bank of Cal.*, *N.A.*, 290 F.Supp.2d 1101, 1111 (C.D. Cal. 2003). To this end, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss for failure to state a claim, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept a plaintiff's conclusory allegations, allegations contradicted by exhibits attached to the complaint, unwarranted deductions of fact, or unreasonable inferences. *See*, e.g*., Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not accepted as true.).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. In evaluating whether a complaint states a plausible claim for relief, the Court should "draw on its judicial experience and common sense." *Jeung v. Yelp, Inc.*, No. 15-CV-02228-RS, 2015 WL 4776424, at *2 (N.D. Cal. Aug. 13, 2015). Factual allegations in the complaint must be "enough to raise a right to relief above the speculative level …" *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. In addition, in ruling on a motion to dismiss, the court may grant the motion without leave to amend if such an amendment would be futile. *See, e.g., Kendall v. Visa U.S.A.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## V.    LEGAL ARGUMENT

### A.    Plaintiff's FAC Fails to State a Viable Claim Under the Fair Housing Act.

#### 1.    *Plaintiff's Discrimination Claim is Facially Deficient.*

Plaintiff's first cause of action is pled under the Fair Housing Act.  To prevail on a discrimination claim under the Fair Housing Act, Plaintiff "must establish that the defendant had a discriminatory *intent or motive.*" *Tex. Dep't of Hous. & Community Affs. v. Inclusive Communities Project, Inc.*, 675 US. 519, 524 (2015) (emphasis added); *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) ("Disparate treatment is synonymous with intentional discrimination.").  All disparate-treatment claims require proof that the defendant acted with discriminatory intent.  *Inclusive Communities*, 576 U.S. at 524.  A plaintiff may prove disparate treatment with "'direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated' the defendant and that the defendant's actions adversely affected the plaintiff in some way." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156-57 (9th Cir. 2013).

##### a)    *Plaintiff Cannot State a Claim Against Defendant Annandale.*

In his bare-bones FAC, Plaintiff alleges that the Annandale's provision of the CRD Notice to Defendant Gittleman constitutes evidence of discrimination (*See* **FAC**, at ¶ 36.)  However, this act does not, on its own, demonstrate discriminatory intent, and Plaintiff offers no additional direct or circumstantial evidence to suggest a discriminatory motive by Annandale.  Accordingly, his discrimination claim against Annandale fails.

##### b)    *Plaintiff Cannot State Any Claims Against the Remaining Defendants.*

Furthermore, the Fair Housing Claims asserted against the remaining defendants also fail.  Plaintiff relies primarily on a handful of isolated comments, which, as a matter of law, are insufficient to support a viable claim.  "Plaintiffs generally cannot sue under §2604 for isolated acts of discrimination by other private property owners.  Neither the FHA's text nor its legislative history indicates an intent to make 'quarrels between neighbors…a routine basis for federal litigation.'" *Halprin v. Prairie Single Family*

*Homes of Dearborn Park Ass'n*, 388 F.3d 327, 329 (7th Cir. 2004). Accordingly, Plaintiff failed to state a discrimination claim against the remaining Defendants.

### 2. *Plaintiff Fails to Articulate a Plausible Retaliation Claim.*

Under the Fair Housing Act, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment" of rights protected by the Fair Housing Act. 42 U.S.C. § 3617. To state a claim of retaliation under section 2617, Plaintiff must allege (1) he was engaged in a protected activity; (2) Plaintiff suffered an adverse action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003). Further, courts have held that "[t]he 'basic principle' of Section 3617 is 'that in order for an alleged adverse action to constitute unlawful retaliation, the action must have some materially adverse effect on the plaintiff…" *Elliot v. QF Circa 37, LLC*, Case No. 16-cv-0288-BAS-AGS (S.D. Cal. Jun. 12, 2018). A tenant's subjective belief that someone intended to initiate an eviction, without more evidence, does not establish a materially adverse effect. *Id.* at *43. ("A subjective belief that Defendants intended to evict [Plaintiff]…without more, is insufficient basis to withstand summary judgment."). An "adverse action" must be in the form of coercion, intimidation, threats, or interference. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128-29 (9th Cir. 2001). Courts have declined to interpret "interference" so broadly as to encompass any and all disputes between neighbors, noting that the FHA is typically applied in cases involving violent or threatening conduct designed to drive the victim out of their home. *Egan v. Schmock*, 93 F.Supp.2d 1090, 1093 (N.D. Cal. 2000).

Plaintiff failed to allege that he had suffered any "adverse action" by Defendants. Plaintiff vaguely alleges that the CRD Complaint was disseminated to various individuals but fails to identify to whom it was allegedly shared, or how that is improper understanding that it is a document that is available to the public. (*See* **FAC**, at ¶ 22.) Such allegations, without supporting details, are insufficient to show any actionable conduct. Plaintiff also vaguely asserts that Defendant V. Martinez made "further public statements" on October 3, 2023, concerning his CRD complaint and disability, which "continued to degrade the

housing environment." (*Id.* at ¶ 21.)  However, these allegations fail to articulate to the required burden of pleading of coercion, intimidation, threats, or interference as contemplated by the Fair Housing Act.

3.    *Plaintiff's Allegations Do Not Support a Legally Cognizable Hostile Housing Environment Claim.*

To state a claim for a hostile housing environment, a plaintiff must allege that he was subjected to unwelcomed harassment that was sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of the right to use or enjoy the home.  *See Salisbury v. Hickman,* 974 F. Supp.2d 1282, 1290 (E.D. Cal. 2013).  The harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's [housing] and create an abusive [living] environment." *Lee v. Retail Store Emp. Bldg. Corp.* at *24, 2017 WL 565710 Case No. 15-CV-04768-LHK (N.D. Cal. 2017).  Occasional or isolated incidents are not actionable, but a plaintiff must show a concerted pattern of harassment of a repeated, routine, or generalized nature.  *West v. City and Cnty of San Francisco*, No. 21-CV-02370-EMC, 2022 WL 1556415  at *8 (N.D. Cal. May 17, 2022); *see Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998).

Even taking Plaintiff's allegations as true, the conduct described in the FAC does not come close to meeting the legal threshold for severe and pervasive harassment. Plaintiff claims that on April 18, 2023, Defendant V. Martinez yelled at him and called him a "disabled prick," and that on June 2023, an HOA agent identified Plaintiff as disabled when asked about Plaintiff's vehicle placard.  (*See* **FAC**, at ¶ 17, 19.)  Plaintiff then contends, months later, Defendant Gittleman disseminated the CRD Notice to an undisclosed number of unidentified individuals.  (*Id.* at ¶ 20.)  Plaintiff also makes a vague and conclusory assertion that Annandale failed to address harassment or enforce community standards, without offering any other facts.  (*Id.* at ¶ 9.)  These sporadic and loosely described allegations fall far short of establishing the kind of sustained, targeted, or objectively offensive conduct required to show that harassment was either severe or pervasive.  Accordingly, Plaintiff has failed to state a claim.

15

**B.**    **Plaintiff's FAC Does Not Allege a Claim Under the California Fair Employment and Housing Act.**

      1.    *Plaintiff Fails to Establish a Viable Disability Discrimination Claim.*

To establish a prima facie case under Plaintiff's second cause of action for discrimination under FEHA, a plaintiff must show that: (1) he was in a protected class, (2) he was qualified for or application of a housing opportunity, (3) he was denied a housing accommodation, or provide circumstantial evidence of discriminatory motive in refusing a housing accommodation. *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (1997). If this minimal showing is made, the burden shifts to Defendant to prove by a preponderance of evidence that it had a legitimate, non-discriminatory reason for its actions. *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 353 (2000). Once a non-discriminatory reason is given, the burden shifts back to Plaintiff to prove by a preponderance of evidence that Defendant's reason was pretext and that the real reason was based on discriminatory animus. *See Lyle v. Warner Bros. Television Productions*, 38 Cal.4th 264, 279-282 (9th Cir. 2006); *Guz*, 24 Cal.4th at 354-361.

Simply put, Plaintiff has failed to state a claim because his FAC contains no allegation that he ever requested, or were denied, a housing accommodation.  In fact, Plaintiff admitted that he resided at the Annandale Housing community at the time of the alleged discrimination, confirming that no valid claim for relief exists under the applicable legal standards . (*See* **FAC**, at ¶ 15.)  There is no contention any application for housing was denied, any request for accommodation to the Association was denied or that any entity took an adverse action against him.  Accordingly, Plaintiff failed to state a claim.

      2.    *Plaintiff Does Not State a Claim of Disability-Based Harassment.*

To state a claim for harassment under FEHA, Plaintiff must demonstrate that (1) he is a  member of a protected class; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that is created a hostile housing environment. *See Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1244 (9th

Cir. 2013); Cal. Code Regs. tit. 2, § 12120; Cal. Code Regs. tit. 2 § 14070(b)(2); *see also Honce v. Vigil*, 1 F.3d 1085, 1090 (10th Cir. 1993) ("Applied to housing, a claim is actionable 'when the offensive behavior unreasonably interferes with the use and enjoyment of the premises.'")  "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine, or generalized nature." *Brown v. Smith*, 55 Cal.App.4th 767, 784 (1997).

Plaintiff's claim fails because he has not pled any facts sufficient to establish a cause of action for disability harassment. Plaintiff's conclusory assertion of a "hostile living environment" is unsupported by his FAC. Even if taken at face value, the conduct described in the FAC are isolated and minor incidents, not a pervasive or severe pattern of harassment. In sum, Plaintiff failed to state a claim.

### 3.    *Plaintiff Cannot State a Claim for Retaliation.*

To establish a prima facie case for retaliation under FEHA, a plaintiff must prove that: (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) there is a causal link between the protected activity and the adverse action. *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1044 (2005); *see also Garcia-Brower v. Premier Automotive Imports of CA, LLC*, 55 Cal.App.5th 961, 977 (2020). Courts have clarified that an adverse action must have a substantial and material effect on the terms and conditions of the plaintiff's housing. *See Akers v. Cnty of San Diego*, 95 Cal. App.4th 1441, 1457 (2011) (employment context; FEHA retaliation principles are analogous).

Plaintiff's FAC fails to allege any facts supporting any retaliation claim as it does not identify any specific adverse action he suffered as a result of the allegedly unlawful conduct.  He vaguely asserts that he was subject to "public ridicule[,]" but offers no detail or factual support regarding what exactly occurred. (*See* **FAC**, at ¶¶ 21–25, 34, 44, 54, 66).  It is Plaintiff's burden to sufficiently plead facts to state a claim, and he failed to do so here.

/ / /

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### 4.    *Plaintiff's Failure to Accommodate Claim is Irrelevant.*

To state a claim of discrimination under FEHA based on refusal to provide reasonable accommodation, a plaintiff must establish that: (1) he suffers from a disability as defined in FEHA; (2) the discriminating party knew of, or should have known of, the disability; (3) accommodation is necessary to afford him equal opportunity to use and enjoy the dwelling; and (4) the discriminating party refused to make this accommodation. *Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Comm.*, 121 Cal.App.4th 1578, 1592 (2004).  Further, pursuant to Section 12176 subdivision (c),"[i]t is a discriminatory housing practice for any person to refuse to make reasonable accommodations unless providing the requested accommodation would constitute an undue financial and administrative burden or a fundamental alteration of its program, or if allowing an accommodation would constitute a direct threat to the health and safety of others (i.e. a significant risk of bodily harm) or would cause substantial physical damage to the properties of others[.]"  Cal. Code Regs. tit. 2, § 12176(c).

Nothing in the cited legal authority is remotely relevant to the facts alleged in Plaintiff's FAC.  Plaintiff does not claim he ever requested a reasonable accommodation.  Instead, Plaintiff baldly alleges that Defendants are liable based on the "[t]he HOA's refusal to intervene, enforce rules, or modify policies to protect Plaintiff[.]"  (*See* **FAC** at ¶ 45.)  However, this allegation is irrelevant under the applicable legal standard, which requires a request for a specific physical modification to the home, not general complaints about HOA management.

### 5.    *Plaintiff's Claim for Failure to Prevent Discrimination, Retaliation, and Harassment Equally Fails.*

To prove a claim for failure to prevent under FEHA, a plaintiff must show that: (1) the plaintiff was subjected to discrimination, retaliation, or harassment; (2) the defendant failed to take all reasonable steps to prevent discrimination, retaliation, or harassment; and (3) the failure caused the plaintiff to suffer injury, damage, loss, or harm.  *Caldera v. Department of Corrections & Rehabilitation*, 25 Cal.App.5th 31, 43-44 (2018).

18

However, if there are no findings that actual unlawful discrimination, harassment, or retaliation occurred, then this claim fails. *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 286 (1998).

This claim fails because it is derivative of Plaintiff's underlying FEHA claims for discrimination, retaliation, and harassment, all of which, as discussed above, are deficient. Even assuming that Plaintiff's allegations are true (which they are not), Plaintiff did not allege any facts showing injury, damage, loss, or harm.

Plaintiff further asserts that Defendants breached a duty to "implement anti-harassment policies and appropriate training." (*See* **FAC** at ¶ 47.) However, Plaintiff offered no factual support for this assertion—he does not identify what policies or trainings were required, whether such measures were actually lacking, or how the absence of such measures contributed to any alleged discrimination, retaliation, or harassment. Without specific allegations showing a failure to take reasonable steps to prevent unlawful conduct, this claim is purely conclusory and insufficient to support a cause of action.

**C.    Plaintiff's FAC Fails to Support a Claim for Intentional Infliction of Emotional Distress.**

Plaintiff fails to allege sufficient facts to sustain a claim for intentional infliction of emotional distress ("IIED"). In order to state a cause of action for IIED, a plaintiff must plead: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) that he [suffered] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009) (internal citations omitted). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. Furthermore, the "defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Id*.

This standard is high as California courts have routinely held that even "mere

profanity, obscenity, or abuse" may not amount to extreme or outrageous conduct, and instead, "considered to amount to nothing more than mere annoyances." *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1128 (1989); *see also Lee v. Travelers Companies*, 205 Cal.App.3d 691 (1988) (upholding demurrer as to intentional infliction of emotional distress claim "[s]ince plaintiffs have explicitly premised their intentional infliction of emotional distress count upon defendants' purported failure to 'fulfill their statutory duties…' and have not alleged with specificity any other acts'…so extreme as to exceed all bounds of that usually tolerated in a civilized community").

Plaintiff has not alleged any facts sufficient to show that Defendants' alleged conduct was "extreme or outrageous."  Moreover, the conduct when viewed on an individual by individual basis is further limited understanding that one defendant cannot be held liable for the conduct of another defendant.  Plaintiff also fails to explain how the alleged conduct meets the high threshold required for an IIED claim.  At best, Plaintiff cites isolated instances of profanity, which courts have consistently found insufficient to support such a claim.  Accordingly, Plaintiff has not stated a viable claim for relief.

## D. <u>Plaintiff Has Not Alleged Sufficient Facts to Support a Private Nuisance Claim.</u>

To state a claim for private nuisance, Plaintiff must show: (1) a substantial interference with the use and enjoyment of their property, meaning the harm must be significant and would seriously disturb a reasonable person in the same community; and (2) that the interference was unreasonable, in that the gravity of the harm outweighs the social utility of the defendant's conduct. *San Diego Gas & Electric Co. v. Superior Court*, 13 Cal.4th 893-938 (2006).  Both elements are judged by an objective standard and are fact-specific. *Id.*  Fear, anxiety, and emotional distress which are not caused by an interference with a specific property right will not support a private action for nuisance. *Akins v. Sacramento Mun. Utility Dist.,* 18 Cal.App.4th 208, 249 (1002).

Plaintiff's claim fails because the conduct alleged in his FAC does not amount to a recognized harm under the legal standard for private nuisance.  Plaintiff has not

sufficiently alleged that the purported "harm" would seriously disturb a reasonable person in the same community, and isolated comments and gestures do not rise to the level of substantial interference.  Even if Plaintiff alleges mental or emotional distress from certain comments, such harm does not constitute a private nuisance unless it stems from a substantial interference with the use or enjoyment of property—such as through physical intrusions like noise, light, or odor—not mere verbal remarks.  Plaintiff's allegations are circular, conclusory, and ultimately fail to support a viable claim.

### E. Plaintiff is Not Entitled to Declaratory or Injunctive Relief Based on the Allegations in His FAC.

#### 1. *Plaintiff Cannot Seek Declaratory Relief Based on Legally Insufficient Claims.*

In his FAC, Plaintiff explicitly "seeks a judicial declaration that Defendants' actions constituted unlawful discrimination, retaliation, and nuisance."  (*See* **FAC** at ¶ 63.  Under the Declaratory Judgment Act, 28 U.S.C. § 1201, a plaintiff must establish standing by showing "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of declaratory judgment." *Scott v. Pasadena United School Dist.,* 306 F.3d 646, 658 (9th Cir. 2002); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (stating that declaratory injunctive relief may be appropriate "[w]here there is…a concrete case admitting of an immediate and definite determination of the legal rights of the parties in an adversary proceeding upon the facts alleged").

Here, Plaintiff's FAC fails to establish a substantial, immediate, and actual dispute between parties with opposing legal interests.  To meet this standard, the controversy must be definite and concrete, not abstract, speculative, or hypothetical.  As discussed at length, Plaintiff's claims lack sufficient factual support.  Plaintiff has not alleged any facts indicating the existence of a real and present controversy.

#### 2. *Plaintiff Has Not Alleged Facts Warranting Injunctive Relief.*

According to well-established principles of equity, a plaintiff seeking a permanent

21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

injunction must satisfy a four-part test before the court may grant such relief. "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff seeks a permanent injunction for the following acts: "prohibiting defendants from engaging in further discriminatory or retaliatory conduct" and "requiring compliance with federal and state fair housing laws. (*See* **FAC**, at ¶ 63.) Plaintiff's claim also fails because his FAC does not allege facts sufficient to satisfy the standard for a permanent injunction. Plaintiff did not allege any irreparable harm that could not be remedied through monetary damages. If the basis of this claim is Plaintiff's alleged experience of "public ridicule" due to derogatory remarks made by Defendants Gittleman and V. Martinez, Plaintiff has not shown that such alleged ridicule cannot be addressed through monetary relief. (*See* **FAC**, at ¶¶ 21–25, 34, 44, 54, 66.) In sum, Plaintiff fails to state a claim for declaratory and injunctive relief.

## F. **Plaintiff's Allegations Do Not Support a Claim Under the Unruh Civil Rights Act.**

The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their…race, color…ancestry, national origin…citizenship…primary language…or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code §51(b). A policy that is neutral on its face is not actionable under the Unruh Act, even when it has a disproportionate impact on a protected class. *Turner v. Association of American Medical Colleges,* 85 Cal.Rptr.3d 94 (App. 1 Dist. 2008). "By its terms, the Unruh Act does not extend to practices and policies that apply equally to all persons." *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). Thus, to

establish a violation of the Unruh Act, Plaintiff must "plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Id.* "The Supreme Court has clarified that the Unruh Act contemplates willful, affirmative misconduct on the part of those who violate the Act and that a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy." *Id.* The Ninth Circuit and the California Supreme Court have unequivocally held that Plaintiff's allegation is insufficient to establish a violation of the Unruh Act. *See Greater Los Angeles Agency on Deafness*, 742 F.3d 414 at 42l; *Harris v. Capital Growth Inv'rs XIV*, 52 Cal. 3d 1142, 805 P.2d 873 (1991) (holding that requiring prospective tenants to demonstrate monthly income of three times the rent did not violate the Unruh Act).

Plaintiff unfoundedly asserts that Defendants alleged "failure to address misconduct in shared spaces—combined with its governance and enforcement functions—places it squarely within the scope of the Unruh Act." (*See* **FAC**, at ¶ 67.)  However, this assertion fails to state a claim because he failed to allege any willful or affirmative misconduct by Defendants, which is a necessary element to state a discrimination claim. As the court in *Liapes v. Facebook, Inc.,* 95 Cal. App. 5th 910, 922 (2023), made clear,  "[i]ntentional discrimination requires willful, affirmative misconduct."   Simply failing to act is insufficient to meet this standard.

## G. **Plaintiff's FAC Lacks Sufficient Allegations to Support a Claim Under the Bane Act.**

"The Bane Act punished any 'person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the right secured by the Constitution or laws of this state.'" *Hernandez v. City of San Jose*, 241 F.Supp.3d 959 (N.D. Cal. 2017); Cal. Civ. Code § 52.1.  To state a claim, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by

23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015). "Speech is insufficient to establish the requisite threat unless it includes the threat of violence." *Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC*, 37 Cal.App.5th 97, 115 (2019); accord, Civ. Code § 52.1(k) (speech alone is insufficient to support action "except upon showing that the speech itself threatens violence against a specific person or group of persons.") Mere conduct or use of force, without evidence of intent to interfere with rights through intimidation, is insufficient. *Austin B. v. Escondido Union School Distr*., Cal.App.4th 860, 888 (2007).

Nowhere in his FAC does allege that any conduct was accompanied by threats of violence, nor can he, because none ever occurred. Even if Plaintiff subjectively believes he was somehow "coerced" by Defendants, this does not hold as a matter of law. Coercion is defined as "the application to another of such force . as to constrain him to do against his will something he would not otherwise have done." *Ex parte Bell*, 19 Cal. 2d 488, 526 (1942). Plaintiff's FAC contains no allegations suggesting that he was subjected to any force or pressure compelling him to act against his will. He therefore cannot allege facts sufficient to support such a claim.

## H.  **Plaintiff Fails to Plausible Allege Negligence or Negligent Supervision.**

### 1.  *Plaintiff Failed to State a Claim for Negligence.*

To establish a *prima facie* claim for negligence, a plaintiff must show the following: (1) a "duty to exercise reasonable care; (2) failure to exercise that care; (3) factual cause; (4) actual harm; and (5) harm within the scope of liability (which has historically been called "proximate cause")." Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6 cmt. b (2010).

Plaintiff alleges that Annandale breached its duty when it "failed to investigate, discipline, or prevent further harm" from the alleged misconduct perpetrated by Defendant Gittleman and V. Martinez. (*See* **FAC** at, ¶ 72.) However, Plaintiff fails to allege any specific facts showing that Annandale itself failed to exercise reasonable care—such as by investigating the alleged conduct, taking disciplinary action, or

24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

implementing measures to prevent further harm.  The FAC contains only a conclusory statement that Annandale failed to "investigate, discipline, or prevent further harm," without identifying what Annandale knew, when they knew it, or what actions they reasonably should have taken in response.

2. _Plaintiff Cannot Establish a Claim for Negligent Supervision._

Plaintiff failed to state a claim for negligent supervision.  A party may be liable for negligent supervision where it knew or should have known that the individual in question could not be trusted to act appropriately without oversight. *Cuevas v. SkyWest Airlines*, 17 F.Supp.3d 956, 968 (N.D. Cal. 2014).   In other words, Plaintiff must prove both the incompetence of the respective HOA board member and that the HOA board had prior knowledge of the risk posed by that individual. *See Creger v. Hudson 141 Homeowners Ass'n,* No. B253759, 2015 WL 501965, at *29 (Cal. Ct. App. Feb. 5, 2015); *see Noble v. Sears, Roebuck & Co.*, 33 Cal.App.4th 654, 664 (1973). Plaintiff must also show that the HOA board's negligent supervision was a substantial factor in causing the harm that he allegedly suffered.  *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal.5th 216, 224 (2018).

Plaintiff has not alleged sufficient facts to support this claim.  Plaintiff has not shown that the HOA board failed to properly supervise its members.  In fact, attached to Plaintiff's FAC are letters from Annandale's prior counsel regarding the alleged distribution of the CRD notice.  Rather than demonstrating negligence, this letter reflects Annandale's active efforts to address and supervise the conduct of its board members by seeking legal counsel. (*See* **FAC**, at ¶ 20, Exs. C & D.)  Moreover, Plaintiff has not demonstrated any resulting harm from the alleged negligent supervision.  As with Plaintiff's other claims, Plaintiff fails to state a claim of negligent supervision.

## I.    **Plaintiff's FAC Does Not Establish a Valid Claim for Breach of Fiduciary Duty.**

To establish a claim for breach of fiduciary duty, a plaintiff must prove: (1) the existence of a fiduciary duty, (2) breach of fiduciary duty, and (3) damages. *Oasis West*

*Realty, LLC v. Goldman*, 51 Cal.4th 811, 820 (2011). The standard of care for directors is set forth in Cal. Corp. Code § 7231.5(a), which states directors must serve in good faith, in a manner that [the] director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under the circumstances." If this standard is met, an HOA director or officer cannot be held monetarily liable nor is there a cause of action for damage occur based on alleged failure to perform their duties as a HOA director or officer. Cal. Code § 7231.5(a).

It is well established that HOA board actions are entitled to deference under the business judgment rule. *See Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n*, 21 Cal. 4th 249, 265 (1999). The rule shields directors from liability and insulates good faith management decisions made in the organization's best interest. *See Lee v. Interinsurance Exch.,* 50 Cal. App. 4th 694, 717 (1996). Courts will not second-guess such decisions, including those involving board member supervision. Lamden, 21 Cal. 4th at 257.

### 1. *Plaintiff Failed to State a Claim Against Defendant V. Martinez.*

Plaintiff fails to assert a valid claim against Defendant V. Martinez because he has not sufficiently alleged that Martinez owed him any fiduciary duty. While HOA *board* members may owe fiduciary duties to the association and its members, Plaintiff merely alleges that Martinez was a *general* member of the HOA and, at "some times …performed as an employee or agent of the HOA." (*See* **FAC**, at ¶ 5.) Alleging that someone acted as an employee or agent does not, by itself, establish the existence of a fiduciary duty.

Even assuming Defendant V. Martinez owed a fiduciary duty, Plaintiff's claim is based solely on an alleged offensive hand gesture and certain comments. Plaintiff fails to demonstrate how this conduct falls within the scope of Martinez's fiduciary duties as an HOA officer. The FAC contains no allegations that the conduct occurred during any official HOA board meeting or in connection with any board action. Accordingly,

1  Plaintiff fails to state a claim.

2      2.  *Plaintiff Has Not Alleged a Cognizable Claim Against Defendant*

3      *Gittleman.*

4      Similarly, Plaintiff's claim against Gittleman fails to state a viable cause of action

5  for breach of fiduciary duty.  Plaintiff has not sufficiently pled that Gittleman owed

6  Plaintiff any fiduciary duty.  Plaintiff alleges only that Gittleman was a *general* member of

7  the HOA—not a *board* member—and thus fails to establish that any fiduciary duty was

8  owed. (*See* **FAC**, at ¶ 7.)  At most, Plaintiff alleges that "some times" Defendant Gittlman

9  "performed as an employee or agent of the HOA[,]" but failed to specify how and when.

10  *Id.*

11      Even assuming such a duty existed, Plaintiff does not explain how the alleged

12  sharing of the CRD complaint constituted a breach by Gittleman in any official capacity,

13  nor does he allege any specific resulting harm.  At most, Plaintiff claims that Gittleman

14  made mean-spirited comments, but fails to show that these comments (1) were made within

15  the scope of any official HOA role or (2) amounted to a breach of any fiduciary duty.

16  Accordingly, Plaintiff has not stated a claim for relief.

17      3.  *Plaintiff's Claim Against Annandale is Legally Insufficient.*

18      Regarding Plaintiff's claim against Annandale, Plaintiff claims Annandale

19  breached its duty by "fail[ing] to act despite notice of discriminatory and retaliatory

20  conduct and failed to implement any anti-discrimination or anti-harassment policies[.]"

21  (*See* **FAC**, at ¶ 77.)  As raised earlier, Plaintiff alleges there was a failure to implement

22  discrimination and harassment policies but offer no facts to support this.  Furthermore,

23  Plaintiff has not shown that the alleged conduct falls outside the scope of the business

24  judgment rule.  It is Plaintiff's burden to demonstrate that the inaction was taken in bad

25  faith or was not in the best interest of the association. A blanket assertion without

26  additional factual and legal support is insufficient.

27  / / /

28  / / /

**J.    Plaintiff Fails to Allege Facts Supporting a Claim for Public Disclosure of Private Facts.**

To state a claim of public disclosure of private facts, Plaintiff must prove: (1) "public disclosure (2) of a private fact (3) which would be offensive and objectionable to a reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W. Productions*, *Inc.*, 18 Cal.4th 200, 214 (1998).  A critical threshold for liability is that the disclosure must be "public," meaning that it is communicated to the public at large or to a large group of people, not merely a few individuals or entities.  *Porten v. University of San Francisco*, 64 Cal.App.3d 825, 828-829 (1976).  "The gravamen of the tort is unwarranted publication of intimate details of plaintiff's private life."  *Coverstone v. Davies*, 38 Cal.2d 315, 322-33 (1952).

*1.    Plaintiff's Claims Against Defendants Annandale and Dolan Fail.*

With respect to the claim asserted against Annandale and Dolan, Plaintiff has not alleged any facts showing that either Defendant engaged in any public disclosure of a private fact.  Both individuals are entirely disconnected from the alleged conduct, and as such, Plaintiff cannot state a viable claim against them.

*2.    Plaintiff's Claims Against Defendant Gittleman Also Fails.*

Plaintiff's claim against Gittleman fails for two reasons.  First, Plaintiff cannot establish that a public disclosure occurred. He merely alleges that Gittleman shared the CRD Notice with an unspecified number of individuals, which does not meet the high threshold required to constitute public disclosure.  *See Porten v. Univ. of San Francisco*, 64 Cal. App. 3d 825, 828–29 (1976) (holding that disclosure of a student's transcript to a scholarship and loan commission was not public disclosure, as it was not shared with the general public or a large group of people);  *Maples v. Kern High Sch. Dist.,* No. F070867, 2017 WL 431488, at *6 (Cal. Ct. App. Feb. 1, 2017) (finding no public disclosure where the information was shared with only three entities that had a direct interest in the matter).

Second, Plaintiff has not shown that the dissemination of the CRD notice would be

considered offensive or objectionable to a reasonable person.  He provides no factual support or context for this claim and relies solely on conclusory assertions and generic citations, without explaining how the disclosure satisfies the legal standard. As such, Plaintiff fails to state a claim.

## VI.    CONCLUSION

For the reasons discussed herein, Plaintiff Douglas Kruschen's First Amended Complaint should be dismissed with prejudice.


Dated: May 12, 2025                    FISHER & PHILLIPS LLP

                                       By:_____/s/ *Lonnie D. Giamela*_____
                                          Lonnie D. Giamela
                                          Bronte Mehdian
                                          Chelsea N. Viola

                                          Attorneys for Defendants
                                          VICTOR RENE MARTINEZ; NORBERTO
                                          MARTINEZ; STEVEN RICHARD GITTLEMAN;
                                          KERRIE DOLAN; and ANNANDALE
                                          TOWNHOUSE ASSOCIATION, INC.