```
 1  Lonnie D. Giamela (SBN 228435)
    E-Mail: lgiamela@fisherphillips.com
 2  Bronte Mehdian (SBN 334026)
    bmehdian@fisherphillips.com
 3  Chelsea N. Viola (SBN 358128)
 4  E-Mail: cviola@fisherphillips.com
    FISHER & PHILLIPS LLP
 5  444 South Flower Street, Suite 1500
    Los Angeles, California 90071
 6  Telephone: (213) 330-4500
    Facsimile: (213) 330-4501
 7
 8  Attorneys for Defendants
    ANNANDALE TOWNHOUSE ASSOCIATION, INC.;
 9  VICTOR RENE MARTINEZ; NORBERTO MARTINEZ;
    STEVEN RICHARD GITTLEMAN; and KERRIE DOLAN
10
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR RENE MARTINEZ, an individual; NORBERTO MARTINEZ, an individual; STEVEN RICHARD GITTLEMAN, an individual; KERRIE DOLAN, an individual; ANNANDALE TOWNHOUSE ASSOCIATION, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-02883-FLA (JPRx) <br><br> **DECLARATION OF LONNIE D. GIAMELA IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> *[Filed Concurrently with the Notice of Motion; Memorandum of Points and Authorities; and [Proposed] Order]* <br><br> Hearing Date: June 13, 2025 <br> Time:  1:30 p.m. <br> Judge:  The Honorable Fernando L. Aenlle-Rocha, Courtroom 6B, 6th Floor <br><br> Complaint Filed: April 2, 2025 <br> Trial Date: Not Set |

1

DECLARATION OF LONNIE D. GIAMELA IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

FP 54859437.1

**DECLARATION OF LONNIE D. GIAMELA**

I, Lonnie D. Giamela, do hereby declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California. I am a partner with Fisher & Phillips LLP, counsel of record for Defendants VICTOR RENE MARTINEZ, NORBERTO MARTINEZ, STEVEN RICHARD GITTLEMAN, KERRIE DOLAN, and ANNANDALE TOWNHOUSE ASSOCIATION, INC. (collectively "Defendants"). Based on my personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. On April 2, 2025, Plaintiff Douglas Kruschen ("Plaintiff") filed a Verified Complaint for Damages and Equitable Relief and Demand for Jury Trial ("Complaint") in the United States District Court, Central District of California, Western Division (Case No. 2:25-cv-02883-FLA-(JPRx)). (Dkt. 1.) The Complaint was served on Defendants Annandale and Norberto Martinez on April 14, 2025. Defendant Kerri Dolan was served on April 19, 2025.

3. On April 24, 2025, Plaintiff filed a Verified First Amended Complaint for Damages and Equitable Relief and Demand for Jury Trial ("FAC"). (Dkt. 20.)

4. On May 5, 2025, I corresponded via email with Plaintiff regarding Defendants' intention to file a Motion to Dismiss as to all of Plaintiff's causes of action alleged in the FAC. A physical copy of said correspondence was sent on May 5, 2025, and was delivered to Plaintiff's mailing address on May 6, 2025. In the same letter, I outlined the factual assertions set forth in the FAC and Defendants' position that such allegations were not sufficient to state claims under each cause of action. Attached hereto as **Exhibit A** is a true and correct copy of the meet and confer letter sent to Plaintiff on May 5, 2025.

5. We respectfully requested that Plaintiff respond by May 9, 2025, to address the substantive deficiencies in his lawsuit, consider dismissing the legally unsupported claims, and avoid unnecessary motion practice. Plaintiff, however, did not respond.

6. I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed on May

2

DECLARATION OF LONNIE D. GIAMELA IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

FP 54859437.1

1  12, 2025, at Los Angeles, California.

_____
Lonnie D. Giamela
Declarant

# EXHIBIT A

DECLARATION OF LONNIE D. GIAMELA IN SUPPORT OF DEFENDANTS' NOTICE OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

FP 54859437.1



Los Angeles
444 South Flower Street
Suite 1500
Los Angeles, CA 90071

(213) 330-4500 Tel
(213) 330-4501 Fax

**Writer's Direct Dial:**
(213) 330-4454

**Writer's E-mail:**
lgiamela@fisherphillips.com
bmehdian@fisherphillips.com
cviola@fisherphillips.com

May 5, 2025

***Via Express Mail and E-mail***

Douglas Kruschen
P.O. Box 465 MSC: 53818
Agoura Hills, CA 91376
litigation@libertycanyonhoa.com

  RE: *Kruschen v. Martinez, et al*. Case No. 2:25-cv-02883-FLA-(JPRx)
     Meet and Confer Pursuant to L.R. 7-3

Dear Mr. Kruschen:

  We are in receipt of your First Amended Complaint ("FAC"), filed on April 25, 2025, in the above captioned case in the United States District Court for the Central District of California, Western Division (Case No. 2:25-cv-02883-FLA-(JPRx)). As you know, we represent the named defendants Victor Rene Martinez ("V. Martinez"), Norberto Martinez ("N. Martinez"), Steven Richard Gittleman ("Gittleman"), Kerrie Dolan ("Dolan"), and Annandale Townhouse Association, Inc., ("Annandale") (collectively "Defendants") in this matter. The purpose of this letter is to satisfy Defendants' obligation to meet and confer under Local Rule 7-3 of the Central District of California regarding the Rule 12(b)(6) motion to dismiss that Defendants intend to file.

  Your First Amended Complaint ("FAC") asserts the following causes of action against all Defendants: (1) Violation of the Fair Housing Act, (2) Violation of the California Fair Employment and Housing Act, (3) Intentional Infliction of Emotional Distress, (4) Private Nuisance, (5) Declaratory and Injunctive Relief, (6) Violation of the Unruh Civil Rights Act, and (7) Violation(s) of the Bane Act.

  You also assert the following causes of action against specific Defendants: (8) Negligence and Negligent Supervision against Annandale; (9) Breach of Fiduciary Duty against Annandale, V. Martinez, Gittleman, and Doe defendants; and (10) Invasion of Privacy – Public Disclosure of Private Facts against Annandale, Gittleman, Dolan, and Doe defendants. Defendants will address each cause of action asserted in your FAC in turn below.

///

**Fisher & Phillips LLP**

Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando · Philadelphia
Phoenix · Pittsburgh · Portland, ME · Portland, OR · Sacramento · Salt Lake City · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

Douglas Kruschen
May 5, 2025
Page 2

### I.     <u>Federal Rules of Civil Procedure 12(b)(6) Legal Standard</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In making this context-specific evaluation, a court must construe the complaint in the light most favorable to the plaintiff and accept as true your factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Here, all the causes of action in your Complaint fail to state claims upon which relief can be granted because the allegations in your FAC consist almost entirely of legal conclusions that must be disregarded.

### II.     <u>Violation(s) of the Fair Housing Act</u>

Your FAC broadly alleges a violation of the Fair Housing Act but fails to delineate any specific causes of action required under the applicable legal authority. Instead, your FAC is comprised largely of conclusory legal statements asserting violations without identifying how any of these statements meet the elements of any distinct claim. Despite this fundamental deficiency in the pleading, Defendants address each potential cause of action in turn below to demonstrate that, even if properly asserted, your claims are factually insufficient and would not withstand a Rule 12(b)(6) motion.

    **A.**     **Discrimination**

The Fair Housing Act (FHA) makes it unlawful "[t]o discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to a buyer or renter because of a handicap of…a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available." 42 U.S.C. § 3604(f)(1). This provision prohibits discrimination based on the handicap of the buyer or renter; a person residing in the dwelling after it is sold, rented, or made available; or any person associated with the buyer or renter. 42 U.S.C. § 3604(f)(1).

You fail to state a claim of discrimination under the FHA. You are already a resident of a dwelling in the Annandale community. You neither do nor could allege that Defendants discriminated in the sale or rental of the property or made the dwelling otherwise unavailable in any way, because you yourself were not involved in the sale or rental of property. You allege that

Defendants "interfered with [your] use and enjoyment of [your] home" in violation of § 3604(f), but clearly this allegation is not relevant to this claim.

To the extent you are invoking the statutory language regarding "enjoyment" of the premises, the only remote mention of such concept appears in § 3604(f)(3)(A), which defines discrimination to include "[a] refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises..." Nothing in your FAC alleges that you ever made a request for reasonable modifications to your residence, or denial of any such a request.

The allegations in your FAC are incoherent and scattered. You claim that Defendants violated 2 Cal. Code Regs. § 12176(b), asserting that the regulation "holds housing providers liable for failing to address discriminatory housing practices committed by third parties within their control." FAC ¶ 48. This assertion is misplaced, as the cited regulation pertains to reasonable physical modifications to housing for individuals with disabilities, not anything related to discrimination and/or your alleged belief that the HOA had "authority and obligation to intervene[.]" *Id.* This is yet another part of your claim that is deficient and nonsensical. Even assuming such a claim was properly pled—which it is not—Defendants respectfully urge you to voluntarily dismiss this cause of action in its entirety.

  **B. Retaliation**

Based on the limited and unclear allegations in your deficient FAC, it appears you are attempting to assert a claim for retaliation under the Fair Housing Act, pursuant to 42 U.S.C. § 3617. Section 3617 states it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment" of rights protected by the Fair Housing Act. To state a claim of retaliation under section 3617, you must allege facts showing: (1) you were engaged in a protected activity; (2) you suffered an adverse action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003).

Further, courts have held that "[t]he 'basic principle' of Section 3617 is 'that in order for an alleged adverse action to constitute unlawful retaliation, the action must have some materially adverse effect on the plaintiff…" *Elliot v. QF Circa 37, LLC*, 2018 WL 2933467 Case No. 16-cv-0288-BAS-AGS (S.D. Cal. Jun. 12, 2018). A tenant's subjective belief that someone intended to initiate an eviction, without more evidence, does not establish a materially adverse effect. *Id*. at *43. ("A subjective belief that Defendants intended to evict [Plaintiff]…without more, is insufficient basis to withstand summary judgment.").

As for the second element of this cause of action, "adverse action" must be in the form of coercion, intimidation, threats, or interference. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128-29 (9th Cir. 2001). You fail to adequately allege that you suffered any "adverse action" by Defendants. The only arguably adverse conduct you refer to is the alleged dissemination of the CRD notice to various individuals, which, even if true, does not amount to intimidation, threats, or interference as contemplated by the Fair Housing Act. *See* FAC at ¶ 22. This type of disclosure, without more, does not constitute actionable conduct. Moreover, nowhere in your FAC do you specify to whom exactly the CRD Complaint was allegedly disseminated to.

Douglas Kruschen
May 5, 2025
Page 4

You also vaguely assert that Defendant V. Martinez made "further public statements" on October 3, 2023, concerning your complaint and disability. FAC at ¶ 21. Again, this bare and conclusory allegation fails to articulate how such statements amounted to coercion, intimidation, threats, or interference. Without specific factual allegations connecting these statements to a protected activity or showing that they had a materially adverse effect, you cannot establish an actionable claim.

You cite *Fowler v. Wells Fargo Bank*, 2021 WL 633868 (C.D. Cal. Feb. 17, 2021) as an example of the HOA's "failure to take any remedial action despite prior notice emboldened repeated misconduct and exacerbated harm," and such failure to act is actionable. FAC at ¶ 35. However, upon review, no such case exists. This undermines your reliance on legal authority and further highlights the lack of support for the claims asserted. In the absence of any legal basis, you again cannot state a claim.

### C. Hostile Housing Environment

Based on the language of your FAC, it is unclear whether you are attempting to assert a claim for hostile housing environment. To the extent such a claim is being alleged, it is entirely deficient because you have failed to plead any facts that would support the elements of this cause of action.

To state a claim for a hostile housing environment, a plaintiff must allege that he was subjected to unwelcomed harassment that was sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of the right to use or enjoy the home. *See Salisbury v. Hickman,* 974 F. Supp.2d 1282, 1290 (E.D. Cal. 2013). The harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's [housing] and create an abusive [living] environment." *Lee v. Retail Store Emp. Bldg. Corp.* at *24, 2017 WL 565710 Case No. 15-CV-04768-LHK (N.D. Cal. 2017).

Even accepting your allegations as true, the conduct you describe in your FAC does not come close to meeting the legal threshold for severe or pervasive harassment. You claim that on April 18, 2023, V. Martinez yelled at you and called you a "disabled prick," and that on June 20, 2023, an HOA agent identified you as disabled when asked about your vehicle's placard. *See* FAC ¶ 17, 19. These isolated incidents, even if taken at face value, fall short of the level of severity or pervasiveness required to sustain a harassment claim.

You then contend that months later, Gittleman disseminated the CRD Notice to an undisclosed number of unidentified individuals. Beyond these few isolated incidents, you make a vague and conclusory assertion that Annandale failed to address harassment or enforce community standards, without offering any other facts. These sporadic and loosely described allegations fall far short of establishing the kind of sustained, targeted, or objectively offensive conduct required to show that harassment was either severe or pervasive. Accordingly, you have failed to state a claim.

### III. Violation(s) of the California Fair Employment and Housing Act (FEHA)

The following analysis assumes that you have asserted specific FEHA causes of action grounded in actual statutory violations. However, on its face, your FAC does not identify any such

Douglas Kruschen
May 5, 2025
Page 5

claims. Instead, your FAC relies on conclusory and scattershot references to statutory text with no accompanying factual allegations to support any coherent legal theory. As such, you have failed to state any claim upon which relief can be granted.

    **A.**    **Disability Discrimination**

You have again failed to identify the applicable legal standard for any disability discrimination claim in your FAC. The allegations are so vague that it is unclear whether you are asserting such a claim at all. Nonetheless, assuming you do intend to bring a disability discrimination claim under FEHA and are relying on the applicable legal standard, you have still failed to articulate any specific theory of liability. Based on the limited allegations, Defendants assume for purposes of this correspondence that you are attempting to assert a claim for intentional discrimination.

To establish a prima facie case for discrimination under FEHA, a plaintiff must show that: (1) he was in a protected class, (2) he was qualified for or application of a housing opportunity, (3) he was denied a housing accommodation, or provide circumstantial evidence of discriminatory motive in refusing a housing accommodation. *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (1997). Simply put, you have failed to state a claim because your FAC contains no allegation that you ever requested, or were denied, a housing accommodation. In fact, you admit that you still reside at Annandale, confirming that no valid claim for relief exists under the applicable legal standards.

    **B.**    **Harassment Based on Your Disability**

Even assuming you were to assert a claim that properly pleads the required elements, you would still be unable to establish a viable cause of action because the conduct you allege as evidence of harassment does not rise to the level of actionable harassment under the law.

To state a claim for harassment under FEHA, a plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that is created a hostile housing environment. *See Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1244 (2013); Cal. Code Regs. tit. 2, § 12120; Cal. Code Regs. tit. 2 § 14070(b)(2); *see also Honce v. Virgil*, ("Applied to the housing context, a claim is actionable 'when the offensive behavior unreasonably interferes with the use and enjoyment of the premises.'") "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather than plaintiff must show a concerted pattern of harassment of a repeated, routine, or generalized nature." *Brown v. Smith*, 55 Cal.App.4th 767, 784 (1997). Your claim fails because he has not pled any facts sufficient to establish a cause of action for disability harassment. Your conclusory assertion of a "hostile living environment" is unsupported by your FAC. Even if taken at face value, the conduct described in your FAC are isolated and minor incidents, not a pervasive or severe pattern of harassment. Accordingly, you once again fail to state a claim.

### C. Retaliation

To establish a prima facie case for retaliation under FEHA, a plaintiff must prove that: (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) there is a causal link between the protected activity and the adverse action. *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1044; *see also Garcia-Brower v. Premier Automotive Imports of CA, LLC* (2020) 55 Cal.App.5th 961, 977.

Your FAC fails to allege any facts supporting any retaliation claim as it does not identify any specific adverse action you suffered as a result of the allegedly unlawful conduct. You vaguely assert that you were subject to "public ridicule" but offers no detail or factual support regarding what exactly occurred. It is your burden to sufficiently plead facts to state a claim, and you fail to do so here.

### D. Failure to Accommodate Your Disability

To state a claim of discrimination under FEHA based on refusal to provide reasonable accommodation, a plaintiff must establish that: (1) he suffers from a disability as defined in FEHA; (2) the discriminating party knew of, or should have known of, the disability; (3) accommodation is necessary to afford him equal opportunity to use and enjoy the dwelling; and (4) the discriminating party refused to make this accommodation. *Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Comm.*, 121 Cal.Ap.4th 1578, 1592 (2004).

Further, pursuant to Section 12176 subdivision (c), "[i]t is a discriminatory housing practice for any person to refuse to make reasonable accommodations unless providing the requested accommodation would constitute an undue financial and administrative burden or a fundamental alteration of its program, or if allowing an accommodation would constitute a direct threat to the health and safety of others (i.e. a significant risk of bodily harm) or would cause substantial physical damage to the properties of others[.]" Cal. Code Regs. tit. 2, § 12176(c). Nothing in the foregoing statute is remotely relevant to the facts alleged in your FAC. You do not claim that you ever requested a reasonable accommodation. Instead, you baldly allege that Defendants are liable based on "[t]he HOA's refusal to intervene, enforce rules, or modify policies to protect [you]." FAC ¶ 45. However, this allegation is irrelevant under the applicable legal standard, which requires a request for a specific physical modification to the home, not general complaints about HOA management.

You cite other legal authorities in support of your failure to accommodate claim under FEHA, namely, Government Code sections 12955(m) and 12927(c)(1). However, none bear any meaningful connection to the facts alleged in your FAC or provide a relevant legal framework to support a viable failure to accommodate claim. You fundamentally misunderstand the definition of an accommodation as its actual legal definition is irrelevant to the HOA's purported failure to "intervene, enforce rules, or modify policies to protect [you]." FAC at ¶ 45.

Your citation to Government Code section 12955(m) is equally as misplaced. Subdivision (m) merely broadens the definition of protected characteristics in housing discrimination claims, stating that protected characteristics such as "race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information" also include a

perception that a person has, or is associated with someone who has, those traits. Cal. Gov. § 12955(m). This is merely a definitional provision and does not set forth any substantive obligation. You do not allege that you requested or sought any accommodation. Citing to a provision related to the perception of a protected trait is entirely irrelevant to your claim.

Similarly, your reliance on California Government Code section 12927(c)(1) is illogical. This provision defines "discrimination" in the housing context and prohibits specific actions such as refusing to sell, rent, or lease a housing accommodation; falsely representing that a unit is unavailable; offering inferior terms or services; canceling a sale or rental agreement; and refusing to make reasonable accommodations necessary for a disabled person to use and enjoy a dwelling. Cal. Gov. Code § 12927(c)(1). However, this legal framework is inapplicable in this context because you never requested any reasonable accommodation and none of the alleged events relate to the rental or sale of the home. You were already residing at Annandale at the time of the alleged events and no housing transaction is at issue. Accordingly, the claim is inapplicable and should be dismissed.

### E. Failure to Prevent Discrimination, Retaliation, and Harassment

Your FAC does not clearly assert a claim for failure to prevent discrimination, harassment, or retaliation. Instead, it vaguely alleges that Defendants "breach[ed] [] [their] affirmative duty," without specifying what duty was allegedly breached. FAC at ¶ 47. The statutory provisions you cite to do not align with the facts pled, requiring Defendants to infer for argument's sake that you are attempting to assert a claim for failure to prevent discrimination, retaliation, and harassment under FEHA.

To prove a claim for failure to prevent under FEHA, a plaintiff must show that: (1) the plaintiff was subjected to discrimination, retaliation, or harassment; (2) the defendant failed to take all reasonable steps to prevent discrimination, retaliation, or harassment; and (3) the failure caused the plaintiff to suffer injury, damage, loss, or harm. *Caldera v. Department of Corrections & Rehabilitation*, 25 Cal.App.5th 31, 43-44 (2018). This claim fails because it is derivative of your underlying FEHA claims for discrimination, retaliation, and harassment, all of which, as discussed above, are deficient. Even assuming that your allegations are true (which they are not), you still do not allege any facts showing injury, damage, loss, or harm.

Furthermore, you claim that Defendants breached a duty to "implement anti-harassment policies and appropriate training." FAC ¶ 47. However, you offer no factual support for this assertion and appears unaware of whether such policies or procedures even exist or were followed. The allegation is conclusory and unsupported. Accordingly, your claim fails.

Government Code section 12940(k) and 2 Cal. Code. Regs. § 11023 do not apply to the allegations asserted in your FAC. Section 12940(k) imposes a duty on employers and related entities to take reasonable steps to prevent discrimination and harassment in the workplace, and Section 11023 outlines employer responsibilities in that context. You did not allege an employment relationship with any Defendant, making these statutory duties irrelevant.

### IV.     Intentional Infliction of Emotional Distress

You fail to allege sufficient facts to sustain a claim for intentional infliction of emotional distress (IIED). In order to state a cause of action for intentional infliction of emotional distress, a plaintiff must plead: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) that he [suffered] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009) (internal citations omitted). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. Furthermore, the "defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Id*.

This standard is high as California courts have routinely held that even "mere profanity, obscenity, or abuse" may not amount to extreme or outrageous conduct, and instead, "considered to amount to nothing more than mere annoyances." *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1128 (1989); see also *Lee v. Travelers Companies*, 205 Cal.App.3d 691 (1988) (upholding demurrer as to intentional infliction of emotional distress claim "[s]ince plaintiffs have explicitly premised their intentional infliction of emotional distress count upon defendants' purported failure to 'fulfill their statutory duties…' and have not alleged with specificity any other acts'…so extreme as to exceed all bounds of that usually tolerated in a civilized community").

Your FAC does not allege any facts sufficient to show that Defendants' conduct was "extreme and outrageous." At most, you rely solely on the same underlying allegations of harassment and retaliation. You also fail to explain how the alleged conduct meets the high threshold required for an IIED claim. At best, you cite isolated instances of profanity, which courts have consistently found insufficient to support such a claim. Accordingly, your IIED claim fails.

### V.     Private Nuisance

To state a claim for private nuisance, a plaintiff must show: (1) a substantial interference with the use and enjoyment of their property, meaning the harm must be significant and would seriously disturb a reasonable person in the same community; and (2) that the interference was unreasonable, in that the gravity of the harm outweighs the social utility of the defendant's conduct. *San Diego Gas & Electric Co. v. Superior* Court, 13 Cal.4th 893-938 (2996). Both elements are judged by an objective standard and are fact-specific. *Id.* Fear, anxiety, and emotional distress which are not caused by an interference with a specific property right will not support a private action for nuisance. *Akins v. Sacramento Mun. Utility Dist.,* 18 Cal.App.4th 208, 249 (1002).

Your claim fails because the conduct alleged in your FAC does not amount to a recognized harm under the legal standard for private nuisance. You have not sufficiently alleged that the purported "harm" would seriously disturb a reasonable person in the same community, and isolated comments and gestures do not rise to the level of substantial interference. Even if you contend that you suffered mental or emotional distress, such harm is not actionable as a private nuisance unless it results from interference with a specific property right. Your allegations are circular, conclusory, and ultimately fail to support a viable claim.

Douglas Kruschen
May 5, 2025
Page 9

Your reliance on Civil Code § 3479 is entirely misplaced, as the provision is wholly irrelevant to the facts alleged in your FAC. Section 3479 defines a "nuisance" as "[a]nything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway[.]" Cal. Civ. Code § 3479. Your FAC contains no allegations suggesting any injury to health, obstruction of property use, or interference with your physical environment. Instead, you complain of verbal statements and personal annoyances, which fall far outside the scope of this statute. Your attempt to assert this cause of action is based on a fundamental misunderstanding of the law, and as such, you fail to state a claim for private nuisance.

## VI. Declaratory and Injunctive Relief

In your FAC, you explicitly "seeks a judicial declaration that Defendants' actions constituted unlawful discrimination, retaliation, and nuisance." *See* FAC at ¶ 63. Under the Declaratory Judgment Act, 28 U.S.C. § 1201, a plaintiff must establish standing by showing "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of declaratory judgment." *Scott v. Pasadena United School Dist.,* 306 F.3d 646, 658 (9th Cir. 2002); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (stating that declaratory injunctive relief may be appropriate "[w]here there is…a concrete case admitting of an immediate and definite determination of the legal rights of the parties in an adversary proceeding upon the facts alleged").

Here, your FAC fails to establish a substantial, immediate, and actual dispute between parties with opposing legal interests. To meet this standard, the controversy must be definite and concrete, not abstract, speculative, or hypothetical. As discussed at length, all of your claims lack sufficient factual support. You have not alleged any facts indicating the existence of a real and present controversy.

You further seek a permanent injunction for the following acts: "prohibiting defendants from engaging in further discriminatory or retaliatory conduct" and "requiring compliance with federal and state fair housing laws. FAC at ¶ 63. According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-part test before the court may grant such relief. "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006).

Your claim also fails because your FAC does not allege facts sufficient to satisfy the standard for a permanent injunction. You do not allege any irreparable harm that could not be remedied through monetary damages. If the basis of this claim is your alleged experience of "public ridicule" due to derogatory remarks made by Defendants Gittleman and V. Martinez. You have not shown that such alleged ridicule cannot be addressed through monetary relief. *See* FAC ¶¶ 21–25, 34, 44, 54, 66, Accordingly, you fail to plead sufficient facts.

## VII. <u>Violation(s) of Unruh Civil Rights Act</u>

As outlined above, you fail to clearly assert any cognizable cause of action under the cited authority and similarly misinterprets the scope of the Unruh Civil Rights Act. Instead, you assert a generic violation of the Act without providing the necessary factual or legal basis to establish your claim. The following discussion addresses the claims as if they were properly pled, solely to demonstrate that you cannot state a valid cause of action under any plausible interpretation of your allegations.

### A. Discrimination Claim Under Unruh Civil Rights Act

It appears from the unclear FAC that you are asserting a claim of intentional discrimination under the Unruh Civil Rights Act. Specifically, you unfoundedly assert that Defendants' alleged "failure to address misconduct in shared spaces—combined with its governance and enforcement functions—places it squarely within the scope of the Unruh Act." FAC at ¶ 67. However, this assertion fails to state a claim because you do not allege any willful or affirmative misconduct by Defendants, which is a necessary element to state a discrimination claim. As the court in *Liapes v. Facebook, Inc.,* 95 Cal. App. 5th 910, 922 (2023), made clear, "[i]ntentional discrimination requires willful, affirmative misconduct." Simply failing to act is insufficient to meet this standard.

You generally cite *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824 (2005), without any explanation of its legal framework or relevance to the claim asserted. *Koebke* involved a lesbian couple who were denied access to certain club benefits extended to married members, which the court found could constitute marital status discrimination under the Unruh Civil Rights Act. *Id.* at 854-55. That case is inapposite. While *Koebke* addressed a claim under the Unruh Act, the factual circumstances are entirely distinct. You have not alleged any discrimination based on marital status, nor any exclusion from privileges afforded to HOA members. This case citation appears to be a general reference made without regard to its applicability or persuasive value.

## VIII. <u>Violation(s) of Bane Act</u>

"The Bane Act punished any 'person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the right secured by the Constitution or laws of this state.'" *Hernandez v. City of San Jose*, 241 F.Supp.3d 959 (N.D. Cal. 2017); Cal. Civ. Code § 52.1. To state a claim, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015). "Speech is insufficient to establish the requisite threat unless it includes the threat of violence." *Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC*, 37 Cal.App.5th 97, 115 (2019); accord, Civ. Code § 52.1(k) (speech alone is insufficient to support action "except upon showing that the speech itself threatens violence against a specific person or group of persons.") Mere conduct or use of force, without evidence of intent to interfere with rights through intimidation, is insufficient. *Austin B. v. Escondido Union School Distr.*, Cal.App.4th 860, 888.

Douglas Kruschen
May 5, 2025
Page 11

Nowhere in your FAC do you allege that any conduct was accompanied by threats of violence, nor can you, because none ever occurred. If you believe that you were somehow "coerced" by Defendants, this does not hold as a matter of law. Coercion is defined as "the application to another of such force ... as to constrain him to do against his will something he would not otherwise have done." *Ex parte Bell*, 19 Cal. 2d 488, 526 (1942). Your FAC contains no allegations suggesting that you were subjected to any force or pressure compelling you to act against your will. You misapply the legal standard for coercion and cannot allege facts sufficient to support such a claim.

IX.     **Negligence/Negligent Supervision against Annandale**

You cannot state a claim of negligent hiring. To prevail on a claim for negligent supervision, you must prove both the incompetence of the respective HOA board member and that the HOA board had prior knowledge of the risk posed by that individual. *See Creger v. Hudson 141 Homeowners Ass'n,* No. B253759, 2015 WL 501965, at *29 (Cal. Ct. App. Feb. 5, 2015); *see Noble v. Sears, Roebuck & Co.*, 33 Cal.App.4th 654, 664 (1973). You must also show that the HOA board's negligent supervision was a substantial factor in causing the harm that you allegedly suffered. *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5th Cal. 216, 224 (2018).

You have not alleged sufficient facts to support this claim. Even assuming your allegations are accurate, you have not shown that the HOA board failed to properly supervise its members. In fact, attached to your FAC are letters from Annandale's prior counsel regarding the alleged distribution of the CRD notice. Rather than demonstrating negligence, this letter reflects Annandale's active efforts to address and supervise the conduct of its board members by seeking legal counsel. Moreover, you have not demonstrated any resulting harm from the alleged negligent supervision. As with your other claims, you rely on conclusory statements in place of actual factual support. As a result, your claim fails.

You haphazardly reference negligence in addition to your purported negligent supervision claim, without delineating any supporting facts or identifying the applicable legal standard. It is unclear whether you intended to assert two separate causes of action or simply included the term "negligence" without understanding its legal significance. If you are alleging a separate cause of action for negligence, you are still unable to state a claim. To establish a *prima facie* claim for negligence, a plaintiff must show the following: (1) a "duty to exercise reasonable care; (2) failure to exercise that care; (3) factual cause; (4) physical harm; and (5) harm within the scope of liability (which has historically been called "proximate cause")." Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6 cmt. b (2010).

Here, you fail to identify either any specific conduct that would constitute a breach of the duty of reasonable care or any resulting harm.

X.      **Breach of Fiduciary Duty against Annandale, V. Martinez, and Gittleman.**

To establish a claim for breach of fiduciary duty, a plaintiff must prove: (1) the existence of a fiduciary duty, (2) breach of fiduciary duty, and (3) damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 820 (2011). The standard of care for directors is set forth in Cal. Corp. Code § 7231.5(a), which states directors must serve in good faith, in a manner that [the] director believes to be in the best interests of the corporation and with such care, including reasonable

Douglas Kruschen
May 5, 2025
Page 12

inquiry, as an ordinarily prudent person in a like position would use under the circumstances." If this standard is met, an HOA director or officer cannot be held monetarily liable nor is there a cause of action for damage occur based on alleged failure to perform their duties as a HOA director or officer. Cal. Code § 7231.5(a).

Furthermore, it is well established that actions taken by HOA boards are afforded deference under the business judgment rule. *See Lamden v. La Jolla Shores Clubdominium Homeowners Assn.,* 21 Cal. 4th 249, 265 (1999). "The common law business judgment rule has two components—one which immunizes directors from personal liability if they act in accordance with its requirements, and another which insulates from court intervention whose management decisions which are made by directors in good faith in what the director's belief is the organization's best interest." *Lee v. Interinsurance Exchange*, 50 Cal.App.4th 694, 717 (1996). "A hallmark of the business judgment rule is that, when the rule's requirements are met, a court will not substitute its judgment for that of the corporation's board of directors." *Lamden*, 21 Cal. 4th at 257. The deference afforded to HOA boards applies to a wide range of board actions, including those related to the supervision of its board members. *See id.*

As to your claim against V. Martinez, you fail to state a valid cause of action for breach of fiduciary duty because you do not clearly identify what conduct constitutes the alleged breach. From the limited and unclear allegations in your FAC, you rely on V. Martinez's use of an offensive hand gesture and certain comments as the basis for the breach, but you have not sufficiently proven how that conduct falls *within* the scope of V. Martinez's fiduciary duties as an HOA officer. Accordingly, this claim will fail.

Your claim against Gittleman likewise fails to state a viable cause of action for breach of fiduciary duty. You neither explain how the alleged sharing of the CRD complaint constitutes a breach in Gittleman's official capacity, nor do you allege any specific resulting harm. Your vague reference to "public ridicule" is conclusory, unsupported, and insufficient to establish a claim.

As for your claim against Annandale, your FAC suggests that you are claiming that Annandale breached its duty by "fail[ing] to act despite notice of discriminatory and retaliatory conduct and failed to implement any anti-discrimination or anti-harassment policies[.]" FAC at ¶ 77. First, you allege there is a failure to implement discrimination and harassment policies but offer no facts to support this unfounded claim. Second, you have not shown that the alleged conduct falls outside the scope of the business judgment rule. It is your burden to demonstrate that the inaction was taken in bad faith or was not in the best interest of the association. A blanket assertion without additional factual and legal support is insufficient.

Your reliance on *Frances T. v. Village Green Owners Assn.*, 42 Cal.3d 490, 513 (1986) is also misplaced. In this case, the court held that the HOA's alleged inaction—specifically, failing to provide adequate lighting—did not amount to a breach of fiduciary duty. The Court in *Frances T.* found that the board's decision satisfied the requirement for protection under the business judgment rule. In short, your careless citation of this case as support this claim that "sustained inaction and disregard for your rights constitutes a breach of fiduciary duty" is entirely misplaced and fails outright. FAC ¶ 78.

Douglas Kruschen
May 5, 2025
Page 13

### XI. Public Disclosure of Private Facts Against Annandale, Gittleman, and Dolan.

To state a claim of public disclosure of private facts, a plaintiff must prove: (1) "public disclosure (2) of a private fact (3) which would be offensive and objectionable to a reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W. Productions*, Inc., 18 Cal.4th 200, 214 (1998). A critical threshold for liability is that the disclosure must be "public," meaning that it is communicated to the public at large or to a large group of people, not merely a few individuals or entities. *Porten v. University of San Francisco*, 64 Cal.App.3d 825, 828-829 (1976). "The gravamen of the tort is unwarranted publication of intimate details of plaintiff's private life." *Coverstone v. Davies*, 38 Cal.2d 315, 322-33 (1952).

With respect to the claim asserted against Annandale and Dolan, you have not alleged any facts showing that either Defendant engaged in any public disclosure of a private fact. Both individuals are entirely disconnected from the alleged conduct, and as such, you cannot state a viable claim against them.

Furthermore, your claim against Gittleman fails for two reasons. First, you cannot establish that a public disclosure occurred. You merely allege that Gittleman shared the CRD notice with an unspecified number of individuals, which does not come close to meeting the high threshold required to constitute public disclosure. *See Porten v. Univ. of San Francisco*, 64 Cal. App. 3d 825, 828–29 (1976) (holding that disclosure of a student's transcript to a scholarship and loan commission was not public disclosure, as it was not shared with the general public or a large group of people); *Maples v. Kern High Sch. Dist.,* No. F070867, 2017 WL 431488, at *6 (Cal. Ct. App. Feb. 1, 2017) (finding no public disclosure where the information was shared with only three entities that had a direct interest in the matter).

Second, you have not shown that the dissemination of the CRD notice would be considered offensive or objectionable to a reasonable person. You offer no factual support or context for this claim and relies solely on conclusory assertions and generic case citations, without explaining how the disclosure meets the required legal standard.

### XII. Conclusion

Considering the foregoing, Defendants maintain that your FAC fails to state any viable claim for relief. Should you fail to voluntarily dismiss your FAC by **Friday, May 9th, 2025**, Defendants will move to dismiss your FAC by means of a motion under Rule 12(b)(6). Defendants are prepared to vigorously defend themselves against these claims. If you wish to discuss this matter further, we are available to meet and confer by phone.

Sincerely,

Lonnie D. Giamela
Bronte Mehdian
Chelsea N. Viola
For FISHER & PHILLIPS LLP