UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KRUSCHEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR RENE MARTINEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02883-FLA (JPRx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, REQUEST FOR ADDITIONAL TIME TO FILE REPLY AND CONTINUE HEARING [DKT. 38]; AND EXTENDING DEFENDANTS' DEADLINE TO FILE REPLY ON THE COURT'S OWN MOTION** |

1

On May 28, 2025, Defendants Victor Rene Martinez, Norberto Martinez, Steven Richard Gittleman, Kerrie Dolan, and Annandale Townhouse Association, Inc. ("Defendants") filed a Motion to Strike Plaintiff Douglas Kruschen's ("Plaintiff") Opposition to Defendants' Motion to Dismiss ("MTD," Dkt. 30) or, in the Alternative, Request for Additional Time to File Reply and Continue Hearing ("Motion"). Dkt. 12. Defendants contend Plaintiff filed his Opposition to the MTD ("Opposition," Dkt. 37) on May 28, 2025, which was five days after the May 23, 2025, filing deadline, and request the document be stricken as untimely or, in the alternative, an extension of their deadline to file a reply in support of the MTD. Defendants' Motion is deficient for multiple reasons.

First, as stated in the Notice of Electronic Filing for the document, Plaintiff filed the Opposition on May 23, 2025, by U.S. mail. Dkt. 37, Not. Elec. Filing. Documents mailed to the court by parties excepted from electronic filing are deemed filed as of the date of deposit in the mail. *See* Fed. R. Civ. P. 5(b)(2)(C), (D), 5(d)(2). Thus, the Opposition was filed timely—even if it was not entered into the docket until May 28, 2025.

Second, Defendants noticed the Motion for hearing on a date less than twenty-eight (28) days after the filing of the Motion, in violation of Local Rule 6-1. To the extent Defendants intended to bring the Motion as an *ex parte* application, the Motion is deficient for failure to demonstrate that *ex parte* relief is warranted and comply with the procedural requirements of Local Rules 17-9 and 17-19.1.[1]

---

[1] *Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). They do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain *ex parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable

Third, Defendants fail to establish they complied with the pre-filing meet-and-confer requirements of Local Rule 7-3 and the court's Initial Standing Order, as required.  Local Rule 7-3 (With limited exceptions not applicable here, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."); Dkt. 18 at 6 ("The *pro se* status of one or more parties does not negate this requirement.  The Notice of Motion must include a statement of compliance with Local Rule 7-3.  The court may strike or deny a motion if counsel fail to meet and confer in good faith.").

Accordingly, the Motion is DENIED.  Nevertheless, as Defendants received notice of the Opposition only two days before their deadline to file a reply, the court will exercise its discretion to EXTEND Defendants' deadline to file a reply to June 4, 2025, on the court's own motion.  The court finds the MTD is appropriate for resolution without oral argument and VACATES the June 13, 2025 hearing, with the MTD to be taken under submission as of June 4, 2025.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

IT IS SO ORDERED.

Dated: May 30, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

neglect."  *Id.* at 492.  Further, before filing an *ex parte* application, a party must "make reasonable, good faith efforts orally to advise counsel for all other parties" and "advise the [c]ourt in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Local Rule 7-19.1.