Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fisherphillips.com
Bronte Mehdian (SBN 334026)
bmehdian@fisherphillips.com
Chelsea N. Viola (SBN 358128)
E-Mail: cviola@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
ANNANDALE TOWNHOUSE ASSOCIATION, INC.;
VICTOR RENE MARTINEZ; NORBERTO MARTINEZ;
STEVEN RICHARD GITTLEMAN; and KERRIE DOLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KRUSCHEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR RENE MARTINEZ, an individual; NORBERTO MARTINEZ, an individual; STEVEN RICHARD GITTLEMAN, an individual; KERRIE DOLAN, an individual; ANNANDALE TOWNHOUSE ASSOCIATION, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02883-FLA (JPRx)<br><br>**DEFENDANTS' RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN**<br><br>Date:   June 27, 2025<br>Time:   1:00 pm<br>Place:   6B<br><br>Complaint Filed: April 2, 2025<br>Trial Date: Not Set |

1

TO THE HONORABLE COURT, AND PLAINTIFF IN PRO *SE*:

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the court's order, Defendants ANNANDALE TOWNHOUSE ASSOCIATION, INC.; VICTOR RENE MARTINEZ; NORBERTO MARTINEZ; STEVEN RICHARD GITTLEMAN; and KERRIE DOLAN ("Defendants") by and through their respective counsel of record, hereby submit the following Rule 26(f) Report.

Plaintiff and Defendants were unable to connect regarding the drafting of this report despite Defendants' efforts to confer with Plaintiff. Accordingly, Defendants submit

their views and proposals concerning the following topics:

**A.   STATEMENT OF THE CASE**

On April 2, 2025, Plaintiff Douglas Kruschen ("Plaintiff") filed a Verified Complaint for Damages and Equitable Relief and Demand for Jury Trial ("Complaint") in this Court (Dkt. 1). The Complaint was served on Defendants Annandale and N. Martinez on April 14, 2025. Defendant Kerri Dolan was served on April 19, 2025.

Plaintiff subsequently filed a First Amended Complaint ("FAC") on April 24, 2025 asserting the following claims against all defendants: (1) Violation of the Fair Housing Act, (2) Violation of the California Fair Employment and Housing Act, (3) Intentional Infliction of Emotional Distress, (4) Private Nuisance, (5) Declaratory and Injunctive Relief, (6) Violation of the Unruh Civil Rights Act, and (7) Violation(s) of the Bane Act. (*Id.*) (Dkt. 20). Plaintiff also asserted the following causes of actions against specific Defendants: (8) Negligence and Negligent Supervision against Annandale; (9) Breach of Fiduciary Duty against Annandale, V. Martinez, and Gittleman; and (10) Invasion of Privacy – Public Disclosure of Private Facts against Annandale, Gittleman, and Dolan.

Defendants vehemently deny all of Plaintiff's claims and allegations and dispute that Plaintiff has stated any valid cause of action or is entitled to any relief. Defendants assert that Plaintiff's FAC is incoherent and unintelligible and fails to allege sufficient facts to support any legally cognizable claim.

Specifically, Defendants assert that the conduct Plaintiff describes does not give rise to any cause of action under the numerous statutes he references. Defendants deny that Plaintiff was subjected to discrimination or retaliation based on any alleged disability, perceived medical disability, or participation in protected activity. Defendants further deny all of Plaintiff's allegations in their entirety, Plaintiff's contention that he has suffered any damages, emotional distress or otherwise, as a result of any alleged conduct by Defendants.

**B.    SUBJECT MATTER JURISDICTION**

The United States District Court for the Central District of California—Western Division has original jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction as to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**C.    LEGAL ISSUES**

The principal legal issues in this case are as follows:

- Issue 1: Whether Plaintiff was discriminated against under the Fair Housing Act.
- Issue 2: Whether Defendants retaliated against Plaintiff under the Fair Housing Act.
- Issue 3: Whether Plaintiff was subject to a hostile housing environment under the Fair Housing Act.
- Issue 4: Whether Plaintiff was discriminated against because of his disability under the California Fair Employment and Housing Act (FEHA).
- Issue 5: Whether Plaintiff was harassed because of his disability under FEHA.
- Issue 6: Whether Defendants retaliated against Plaintiff under FEHA.
- Issue 7: Whether Plaintiff requested and was denied reasonable accommodations under FEHA.

- Issue 8: Whether Defendants intentionally inflicted emotional distress on Plaintiff.
- Issue 9: Whether Plaintiff was subjected to a substantial interference with the use and enjoyment of their property.
- Issue 10: Whether Plaintiff was subjected to an unreasonable interference, specifically whether the severity of the alleged harm outweighed the social utility of the alleged conduct.
- Issue 11: Whether Plaintiff is entitled to declaratory or injunctive relief.
- Issue 12: Whether Plaintiff was discriminated against because of his disability under the Unruh Civil Rights Act.
- Issue 13: Whether Plaintiff's exercise of a state or federal constitutional or legal right was interfered with, or whether there was an attempt to interfere with that right.
- Issue 14: Whether Plaintiff was subject to interference or attempted interference by threats, intimidation, or coercion under the Bane Act.
- Issue 15: Whether Plaintiff was owed a duty to exercise reasonable care by Annandale.
- Issue 16: Whether there was a breach of the duty of reasonable care owed to Plaintiff.
- Issue 17: Whether there was a fiduciary duty owed from any defendant to Plaintiff.
- Issue 18: Whether an alleged breach of fiduciary duty caused any harm to Plaintiff.
- Issue 19: Whether Plaintiff suffered damages due to the alleged breach of fiduciary duty by any defendant.
- Issue 20: Whether any conduct alleged by Plaintiff constitutes a public disclosure of a private fact.

JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

FP 54959299.1

- Issue 21: Whether the alleged public disclosure of a private fact would be offensive and objectionable to a reasonable person.
- Issue 22: Whether the information allegedly disclosed was not of legitimate public concern.

### D. PARTIES, EVIDENCE, ETC.

Currently, the Parties to this case are Plaintiff Douglas Kruschen and Defendants Victor Martinez, Norberto Martinez, Kerrie Dolan, Steven Richard Gittleman, and Annandale Townhouse Association, Inc.

#### 1. Additional Parties

Defendants do not anticipate the joinder of any additional parties at this time.

#### 2. Witnesses on Key Legal Issues.

At this time, Defendants identify the following witnesses: (1) Plaintiff; (2) Victor Rene Martinez; (3) Norberto Martinez; (4) Kerrie Dolan; (5) Steven Richard Gittleman; (6) Annandale Townhouse Association, Inc.'s Person Most Knowledgeable ("PMK") (7) Plaintiff's treating physician(s) regarding his alleged disability; (8) Plaintiff's treating physician, if any, regarding his emotional distress damages; (9) expert witness regarding Plaintiff's psychological damages, if any; (10) expert witness regarding Plaintiff's economic damages; and (11) expert witness regarding Plaintiff's alleged damages for loss of peaceful enjoyment of his home. Defendants reserve the right to supplement this list as discovery continues.

### E. DAMAGES

Defendants contend that Plaintiff is not entitled to any recovery on any claims asserted in his FAC. Defendants reserve all rights to seek reimbursement of its fees and costs associated with defending against Plaintiff's claims.

### F. INSURANCE

Defendants are informed and believe that there may be insurance coverage applicable to some of Plaintiff's claims, subject to a reservation of rights.

///

### G. MOTIONS

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 12, 2025. Plaintiff filed an opposition on May 23, 2025 and Defendants submitted their reply on May 30, 2025. The following case plan is contingent upon the Court's ruling on that motion.

Additionally, unless Plaintiff stipulates to do so, Defendants reserve their right to move this court for an order compelling Plaintiff to undergo a psychiatric examination based on any claim he may make for ongoing emotional distress. Defendants also anticipate filing pre-trial motions including a motion to trifurcate the trial, wherein the liability phase will be tried first, the damages phase will be tried after the liability phase is completed, and punitive damages will be tried after the damages phase is completed. Defendants further anticipate filing motions in limine, as necessary, and reserve the right to file discovery motions as necessary.

### H. DISPOSITIVE MOTIONS

Defendants reserve the right to file a motion for summary judgment and/or summary adjudication of issues following written discovery and the completion of Plaintiff's deposition. Any such motions would be based on the following grounds: (1) No act committed by Defendants constitutes a violation of the Fair Housing Act; (2) No act committed by Defendants constitutes a violation of the California Fair Employment and Housing Act; (3) None of Defendants' conduct supports a cause of action for intentional infliction of emotional distress; (4) No conduct by Defendants gives rise to a claim for private nuisance; (5) Plaintiff is not entitled to declaratory or injunctive relief as a matter of law; (6) Defendants have not engaged in any conduct that constitutes a violation of the Unruh Civil Rights Act; (7) Defendants did not engage in conduct that would support a claim for negligence or negligent supervision; (8) There was no breach of fiduciary duty by Steven Gittleman, Victor Martinez, or the Annandale Townhouse Association, Inc.; (9) The conduct allegedly attributed to Gittleman does not constitute public disclosure of private facts; and (10) Defendants did not engage in any conduct that

would violate the Bane Act. Defendants reserves its rights to proceed with a motion for summary judgment and/or summary adjudication on other grounds following initial disclosures and discovery.

On May 23, 2025, Defendants met and conferred with Plaintiff regarding their intent to file an anti-SLAPP motion under California Code of Civil Procedure Section 425.1(b)(1) with respect to the causes of action Plaintiff has asserted under California law. Defendants intend on filing an anti-SLAPP motion should Plaintiff refuse to voluntarily dismiss the causes of action at issue.

## I.   MANUAL FOR COMPLEX LITIGATION

Defendants maintain that this is not a complex case for which the procedures of the Manual for Complex Litigation should be used.

## J.   STATUS OF DISCOVERY

Plaintiff unilaterally served written discovery on all Defendants despite the pending Rule 12(b)(6) motion to dismiss all claims outlined in Plaintiff's FAC.

Defendants have not yet propounded any written discovery and no depositions have been scheduled.

## K.   DISCOVERY PLAN

Defendants' proposed cut-off dates for the completion of discovery, the hearing of discovery motions, and expert disclosures under Fed. R. Civ. P. 26(a)(2) are set forth in Section L and M below.  With respect to additional information regarding the discovery plan required to be stated herein under Fed. R. Civ. P. 26(f)(3), the Defendants state the following:

*1.   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

Defendants do not believe changes should be madding to the timing, form, or requirement for disclosures under Rule 26(a).

2. *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

Without prejudice to their rights to seek discovery on any relevant issue, Defendants anticipate that they will need and seek discovery concerning the causes of action asserted in Plaintiff's FAC, including but not limited to allegations of violations of the Fair Housing Act; violations of the California Fair Employment and Housing Act; intentional infliction of emotional distress; private nuisance; requests for declaratory and injunctive relief; violations of the Unruh Civil Rights Act; negligence and/or negligent supervision; breach of fiduciary duty; public disclosure of private facts; violations of the Bane Act; Plaintiff's alleged emotional distress; Plaintiff's alleged disability and/or medical condition; and Defendants' defenses to each cause of action, including any and all factual, evidentiary, and legal support.

3. *Agreed Upon Methods of Discovery and Timing.*

Defendants believe that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff and other witnesses, including Defendant Annandale Townhouse Association's PMK under Rule 30(b)(6), and Plaintiff's treating physicians; and (4) expert discovery. Defendants reserve their rights to notice additional depositions and engage in additional methods of discovery based upon what information they uncover through their respective investigations or through the discovery process. Defendants do not waive their rights to move this court for an order compelling Plaintiff to submit to a psychiatric evaluation regarding his claimed emotional distress damages.

4. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"). Defendants currently do not anticipate that any issues will arise regarding ESI.

5. *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

Defendants anticipate seeking a protective order regarding the designation of confidential information. Defendants are willing to meet and confer with Plaintiff regarding the same.

6. *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed*

Defendants currently propose no such changes. Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the Defendants agree to meet and confer with Plaintiff in good faith to resolve the issues. Should the Parties be unable to resolve discovery issues, Defendants reserve their right to bring matters before the Court.

7. *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

At this time, the Defendants are unaware of any unusual legal issues presented by this action and do not believe that any other orders are necessary under Federal Rules of Civil Procedure 16(b), (c), or 26(c).

## L.   DISCOVERY CUT-OFF

Defendants propose a non-expert discovery cut-off date of 60 days before the trial date to be set by the Court.

/ / /

/ / /

/ / /

JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

FP 54959299.1

**M.    EXPERT WITNESSES**

Defendants propose an initial expert disclosure date of February 1, 2026, an expert rebuttal disclosure of February 15, 2026 and expert disclosure cutoff date of February 28, 2026.

**N.    SETTLEMENT AND ADR**

The Parties have not yet engaged in informal settlement discussions. Defendants do not anticipate doing so until further discovery has been completed. However, at that time, of the ADR procedures suggested by Local Rule 16-15.4, Defendants would prefer private mediation. Defendants are willing to meet and confer with Plaintiff regarding potential mediation at a later time.

**O.    TRIAL ESTIMATE**

Defendants anticipate the length of trial to be 5 days but may need to revise this estimate following discovery. Defendants are unable to provide an estimate of the number of witnesses they intend to call at trial as discovery has not yet begun. At the minimum, Defendants intend to call Plaintiff and all individual defendants.

**P.    TRIAL COUNSEL**

Douglas Kruschen will be trial counsel on his own behalf as plaintiff in *pro per*. Lonnie Giamela, Bronte Mehdian, and Chelsea Viola of the firm Fisher & Phillips LLP will be trial counsel for Defendants.

**Q.    INDEPENDENT EXPERT OF MASTER**

At this time, Defendants do not believe that an order under Rule 53 of the Federal Rules of Civil Procedure regarding the appointment of an independent expert Master is necessary.

**R.    SCHEDULE WORKSHEET**

The Schedule of Pretrial and Trial Dates Worksheet is filed concurrently with this Report in accordance with this Court's Scheduling Order (Dkt. No. 36.)

**S.    OTHER ISSUES**

None at this time.

Dated: June 13, 2025          FISHER & PHILLIPS LLP

By:    /s/ Bronte Mehdian
Lonnie D. Giamela
Bronte Mehdian
Chelsea N. Viola

Attorneys for Defendants
VICTOR RENE MARTINEZ; NORBERTO MARTINEZ; STEVEN RICHARD GITTLEMAN; KERRIE DOLAN; and ANNANDALE TOWNHOUSE ASSOCIATION, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 13, 2025, I served the following document titled, **DEFENDANTS' RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Douglas Kruschen<br>P.O. Box 465<br>MSC: 53818<br>Agoura Hills, CA 91376 | Plaintiff, Pro Se<br><br>Phone: 778.851.2315<br>E-Mail: litigation@libertycanyonhoa.com |

☒ **[by MAIL]** - I enclosed a true and correct copy of the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed a true and correct copy of the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered a true and correct copy of the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed June 13, 2025, at Los Angeles, California.

| Nora Martinez | By: /s/ Nora Martinez |
|---|---|
| Print Name | Signature |